William J. McDonald, Appellant *v.* Lake Hauto Club et al., Appellees.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*William E. McDonald,* for appellant.

*Robert Lazorchick,* with him *William Z. Scott, Jr.,* for appellees.

OPINION BY JUDGE MENCER, April 28, 1981:

William J. McDonald (appellant) has appealed from a decision of the Carbon County Court of Common Pleas which denied injunctive relief in his action against the Lake Hauto Club and its board of directors. We affirm.

The Lake Hauto Club is a nonprofit corporation which owns and operates Lake Hauto, a private recreational area. In 1975, the Lake Hauto Club adopted the folowing rules concerning the use of boats on its lake:

1. Craft must be registered with the club prior to launching on Lake Hauto annually and must display the Lake Hauto registration emblem. . . .

. . . .

6. Power boats are restricted to a maximum length of 17 feet with a horsepower not to exceed 85 H.P. Power boats registered and operated on Lake Hauto prior to 1975 are excluded.

The appellant has been a member of the Lake Hauto Club for over 20 years. In 1977, he purchased a "Silverline" watercraft with a length of 16 feet 3 inches and an inboard motor. The appellant registered the boat with the Lake Hauto Club and operated it on the lake for several months. The boat motor was described on the registration application as "Equivalent 85 H.P."

In August 1977, the Lake Hauto Club revoked the registration of the appellant's boat after an inspection revealed that the manufacturer's rating of the boat motor was 120 horsepower, well in excess of the 85-horsepower maximum established by the club rules. The appellant instituted this action in equity to compel the Lake Hauto Club to permit him to register his boat and to use it on the lake. The court below denied relief and the case was appealed under Section 762 (a)(5) of the Judicial Code, 42 Pa. C. S. §762(a)(5).

We agree with Judge LAVELLE of the Court of Common Pleas of Carbon County, writing in this case, that the courts should avoid needless interference in the affairs of private corporations:

> [I]t is a well established legal principle that courts should not substitute their judgment for that of the directors of a corporation and will not interfere with the internal management of a corporation unless the acts complained of constitute fraud, bad faith or gross mismanagement or are unlawful or ultra vires. 8A P.L.E. Corporation[s] §322. Chambers v. Beaver-Advance Corp., 392 Pa. 481, 489, 140 A.2d 808, 812 (1958), Bowman v. Gum, Inc., 327 Pa. 403, 409-410, 193 A. 271, 274 (1937), Gettemy v. Homestead Assoc. of Westmoreland, 29 [West.] 7, 11-12 (1946), aff'd 356 Pa. 475, 52 A.2d 325 (1947). Morris v. Somerset Co. Memorial Park, Inc., 21 Som. 87, 93 (1962). Likewise, courts will not declare a by-law of a corporation invalid unless it is clearly unreasonable. Stewart v. Monongahela Valley Country Club, 177 Pa. Super. 632, 639-640, 112 A.2d 444, 448 (1955).

*McDonald v. Lake Hauto Club*, 7 Carbon L.J. 245, 251-52 (1980).

.

The appellant has not challenged the power of the Lake Hauto Club to regulate the size of boats which can be used on its private lake; this exercise of corporate power is clearly within the limits of the charter. Similarly, the appellant has not seriously contended that the 85-horsepower limit is itself unreasonable; some cutoff point could be established and the choice of 85 horsepower was not inherently improper. Instead, the appellant has asserted that the club's method of measuring horsepower is unreasonable and that the rule was applied to him in an arbitrary manner. The evidence produced, however, fails to support these assertions.

The Lake Hauto Club uses the engine manufacturer's horsepower rating to determine whether a boat will be permitted on the lake. While it is true that other methods of measuring horsepower could be adopted, this method provides a quick and efficient way to enforce the regulations.

In this case, the Court is not unmindful that the horsepower rule was promulgated by lay members for lay members of the club and it is lay members who must interpret and enforce it. If 'horsepower' as used in the rule should be interpreted as plaintiff contends, an extremely heavy burden would be placed on the defendants to determine each and every boat's actual horsepower rating. Actual horsepower output is subject to such variables as the type of drive mechanism involved, the type of propeller used, hull design and load in the boat. An expert in power boats would have to be employed by the defendants to test each and every boat before registration could be permitted. Under our interpretation of the rule, lay persons can simply look at the theoretical horsepower of the engine as it is stated by the engine's manufacturer.

*Id.* at 250. We conclude that the court below correctly held that the method employed to measure horsepower is not unreasonable.

The appellant also failed to prove that the rule was arbitrarily or unreasonably applied to him. The court below properly found that the only boats exempted from the 85-horsepower limit were those which were registered with the Lake Hauto Club before the rule was adopted in 1975. The appellant identified one other boat, registered after 1975, with an inboard V-8 engine, but he presented no evidence as to the engine manufacturer's rated horsepower.

The Lake Hauto Club did not act improperly in excepting boats registered before 1975 from the 85-horsepower rule. Indeed, this type of "grandfather clause" is frequently employed in legislation and government regulations to avoid interference with vested property rights.[1] The appellant has presented no reason for adopting an unfavorable view of such provisions in the by-laws of a private, nonprofit corporation.

Finally, the appellant argues that the application of the 85-horsepower rule has resulted in "discrimination" against him. The evidence does not support this allegation, but, even if it did, the lack of signifi-

---

[1] *See Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A.2d 539 (1962) (grandfather clauses in the context of zoning ordinances) ; *Dublin Water Co. v. Public Utility Commission*, 206 Pa. Superior Ct. 180, 213 A.2d 139 (1965) (dealing with Section 1401 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended, formerly* 66 P.S. §1531, repealed by the Act of July 1, 1978, P.L. 598. A similar provision is now found at 66 Pa. C. S. §103) ; *Howe v. Smith*, 203 Pa. Superior Ct. 212, 199 A.2d 521 (1964) (dealing with Section 5 of the Chiropractic Registration Act of 1951, Act of August 10, 1951, P.L. 1182, *as amended*, 63 P.S. §605). *See also* Annot., 4 A.L.R.2d 667 (1949) ("Construction of 'grandfather clause' of statute or ordinance regulating or licensing business or occupation").

cant state involvement with the Lake Hauto Club prevents judicial interference. *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163 (1972).

Order affirmed.

ORDER

AND Now, this 28th day of April, 1981, the order of the Court of Common Pleas of Carbon County in the above captioned case, dated February 28, 1980, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.