Quaker City Yacht Club, Aloysius Hoefer and James F. Fairburn, Appellants *v.* Leon B. Williams and Nancy L. Williams, Appellees.

Argued March 6, 1981, before Judges Rogers, MacPhail and Palladino, sitting as a panel of three.

*Kenneth S. Siegel, Malis, Tolson & Malis,* for appellants.

*Jack M. Bernard,* for appellees.

Opinion by Judge MacPhail, May 27, 1981:

Quaker City Yacht Club (Quaker City) is a Pennsylvania non-profit corporation established for the purpose of promoting and encouraging the practice of navigation and aquatic sports. Quaker City bills its members in advance by the quarter.[1] On or about October 1, 1977, Quaker City sent a bill to Leon B.

---

[1] The dues are payable as of the first day of the first month in a quarter. The bills are sent to the members on the first Thursday of the first month of the quarter. Thus, members are technically "in arrears" even before they receive their bills. Williams' bill for the third quarter, due on July 1, 1977, would by the club's calculations be six months in arrears on January 1, 1978.

Williams (Williams)[2] which stated that his membership dues for the fourth quarter (October, November and December) were due and that he was three months delinquent on his third quarter dues.

Quaker City sent a certified letter to Williams dated January 2, 1978, postmarked January 5, 1978 notifying Williams that he had been suspended from the club for non-payment of dues. Although the letter had been addressed correctly, it was returned to Quaker City marked "MOVED—NO ADDRESS." On January 10, 1978, Quaker City received a check dated December 15, 1977 from Williams for $50.00.[3] Quaker City returned this check to Williams stating that Williams had been automatically suspended as of January 1, 1978. Williams appeared before Quaker City's Board of Directors (Board) to request reconsideration of the suspension. He argued that he had not received any notice about his delinquency and that the payment had been made in good faith. The Board refused to reconsider the suspension.

Williams filed a complaint in equity with the Court of Common Pleas of Philadelphia County requesting declaratory and injunctive relief. An order granting a preliminary injunction was entered on October 11, 1978 declaring that the purported suspension was invalid and directing Quaker City to reinstate Williams' membership as if it had never been suspended and to permit Williams and his guests to have full use of the club's facilities on the same basis as other members. Quaker City was further directed not to interfere with Williams' membership except on the same basis in which all other members are treated.

---

[2] The membership in question here is that of Leon B. Williams. His wife, Nancy, made use of Quaker City's facilities but was not a member.

[3] The check was written, signed and mailed by Mrs. Williams.

On November 20, 1978, a trial was held. The court held Williams' suspension invalid because Quaker City bylaws failed to give Williams reasonable notice of his delinquency before his membership was terminated, thereby violating the reasonable notice requirement of Section 7545 of the Nonprofit Corporation Law of 1972, *as amended,* 15 Pa. C. S. §7545 (Law). Accordingly, a permanent injunction was issued on February 15, 1979. Quaker City filed exceptions to the trial court's adjudication. On November 21, 1979 a court en banc dismissed the exceptions and affirmed the order granting the permanent injunction. Quaker City appealed to the Superior Court of Pennsylvania. The appeal was transferred to this Court because jurisdiction in these matters is vested in this Court pursuant to Section 762(a)(5) of the Judicial Code, 42 Pa. C. S. §762(a)(5).

Our scope of review in equity matters is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Mid Valley Taxpayers v. Mid Valley School,* 52 Pa. Commonwealth Ct. 402, 416 A.2d 590 (1980). Furthermore, the decision of the equity court will stand "if there exists sufficient evidence to justify the findings and logically sound, reasonable inferences and conclusions derived therefrom." *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 317, 314 A.2d 328, 330 (1974).

Quaker City argues here that the trial court erred as a matter of law in interpreting Section 7545(c) of the Law to extend an additional grace period to a member before it can discipline him for not paying dues in the time established by the corporation's bylaws. While this is one way to interpret the lower court's opinion, we find that the crux of the opinion is not that there should be an additional grace period

but that there should be reasonable notice of the intent to suspend as of a date certain if a member has not paid his delinquent dues.

Section 7545 of the Law provides in pertinent part as follows:

> (c) Enforcement of payments. A nonprofit corporation may make bylaws necessary to enforce the collection of such [as prescribed in subsection (a) and (b)] dues or assessments, including provisions for the termination of membership *upon reasonable notice,* for nonpayment of such dues or assessments, and for reinstatement of membership. (Emphasis added).

The bylaw in question provides as follows:

> Any member in arrears for one quarter's dues or more for a period of six months, and having *been duly notified thereof* by the Financial Secretary, shall automatically be suspended and his name shall be posted upon the Bulletin Board.[4] (Emphasis added.)

At the trial, Quaker City contended that its bylaw provision regarding notice of suspension was satisfied as soon as the member receives notice of the 6 months arrearage from the financial secretary (Secretary). The trial court held, however, that such an interpretation of the bylaw defied a common sense reading of the clause and also constituted a violation of Section 7545(c) of the Law. We agree.

---

[4] Although Quaker City's bylaw refers to suspension rather than termination of memberships, the distinction is merely one of semantics. Once a member has been "suspended" for nonpayment of dues, he can only be reinstated if *all* the members of Quaker City approve his reinstatement. Only one negative vote is sufficient to bar membership. Three "nos" are required to reject the membership of a new applicant.

Also at trial, Quaker City attempted to prove that Williams did have notice that his suspension was imminent. Its Secretary testified that as a courtesy to the club members he sends out a "reminder notice" sometime during the first week of the final month for payment of delinquent dues. The Secretary, however, had no records to show that he did, in fact, send such a notice to Williams or anyone. Further, Williams denied receiving this notice. Although the trial court made no specific finding regarding the alleged "reminder notice," the trial court did find that "the next letter [after the bill for the fourth quarter dues] sent to the plaintiffs [Williams] by the Club [Quaker City] was dated January 2, 1978, but postmarked January 5, 1978." We infer from this finding that the trial court believed that Williams had not received the "reminder notice."

The trial court also rejected Quaker City's claim that the December bill which had been stamped "delinquent" was sufficient notice to Williams. The trial court concluded that there was no warning of possible suspension on a date certain by the mailing of such an invoice.

Because the trial court found that Williams had not been given reasonable notice of the termination of his membership and that Quaker City's interpretation of its own bylaws was in conflict with the Law, it held that Williams' suspension was invalid. Our review of the record convinces us that there was sufficient evidence to justify the findings and conclusions of the trial court, the conflicts in the evidence having been resolved by the fact-finder. Although the courts are reluctant to interfere in the affairs of private corporations, *McDonald v. Lake Hauto Club,* 59 Pa. Commonwealth Ct. 36, 428 A.2d 785 (1981), the courts will not stand idly by when under the pretext of

following "club rules" the laws of Pennsylvania have been violated.

Order affirmed.

ORDER

AND Now, this 27th day of May, 1981, the order of the Court of Common Pleas of Philadelphia County dated November 27, 1979, granting injunctive relief to Leon B. Williams and Nancy L. Williams is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.