Daniel L. Ryan, Francis J. Mulhern and others similarly situated, Appellants *v.* City of Philadelphia et al., Appellees.

Argued April 5, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and MACPHAIL.

284

*Kenneth E. Aaron,* for appellants.

*Joseph C. Crawford,* Deputy City Solicitor, with him *Jill A. Douthett,* Deputy City Solicitor, and *Mark A. Aronchick,* Acting City Solicitor, for appellee, City of Philadelphia.

*Eugene F. Brazil,* for appellees, School District of Philadelphia and Michael Marcase.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 28, 1983:

Daniel L. Ryan and Francis J. Mulhern appeal a Philadelphia County Common Pleas Court order sustaining the City's demurrer. We affirm.

Ryan and Mulhern filed a class action suit[1] in equity and for a declaratory judgment to enjoin and invalidate a transfer of $3,000,000 in City general

---

[1] Ryan and Mulhern's complaint requested certification of a class of plaintiffs comprising all non-resident City Wage Taxpayers for fiscal year 1982. The lower court did not address this request.

revenue funds to the Managing Director's "purchase of services" allocation.[2]  The transfer was to cover the costs of busing school children.  The City demurred, and the Common Pleas Court sustained the demurrer, dismissing the complaint with prejudice.

Our scope of review is limited to determining whether the lower court abused its discretion or committed an error of law.  *Quaker City Yacht Club v. Williams,* 59 Pa. Commonwealth Ct. 256, 429 A.2d 1204 (1981).  In an appeal where a demurrer has been sustained by the common pleas court, we must accept as true all well-pleaded facts set forth in the complaint, but we need not accept as true the legal conclusions contained therein.  *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976).

Ryan and Mulhern contend that the trial court erred.  They argue that the busing of school children is not a municipal function, and thus the City cannot fund it.[3]  This argument is unpersuasive.

It is clearly a municipal function of the City to protect its citizens' health, safety, and welfare.  *See Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A.2d 506 (1969).  Since a prime purpose of school busing is to provide safe passage for children to and from school, the City is performing a municipal func-

---

[2] City Council passed Bill No. 1064, embodying the transfer, on February 18, 1982, and the Mayor signed the Bill into law on March 4, 1982.

[3] It is well-settled law that the City, as a municipal corporation created by the state, possesses only those powers granted to it by the state legislature.  *Schneck v. City of Philadelphia,* 34 Pa. Commonwealth Ct. 96, 383 A.2d 227 (1978).  The City's legislative power is limited to its municipal functions.  *See* Section 17 of the First Class City Home Rule Act, Act of April 21, 1949, P.L. 665, *as amended,* 53 P.S. §13131.  *See also* Section 1-100 of the Philadelphia Home Rule Charter, 351 Pa. Code §1.1-100.

tion in funding school busing. Petitioners contend, however, that under Section 19(a)(2) of the First Class City Public Education Home Rule Act[4] (which prohibits the City—with one exception not here pertinent—from "regulating public education or the administration thereof") the City is prohibited from funding the busing of students. This contention is without merit. We conclude that the funding of School District busing is *not* a regulatory function. Moreover, Section 19(a)(2) does not preclude the City from regulating the *necessary incidents of public education*. See *School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A.2d 864 (1965). Assuming, *arguendo*, that the City is "regulating" by funding school busing, it is only regulating *a necessary incident of public education*, to wit, the passage of children to and from school.

Affirmed.[5]

---

[4] Act of August 9, 1963, P.L. 643, *as amended*, 53 P.S. §13219 (a)(2). Section 19(a)(2)'s provisions became applicable to the City upon its establishment of a home rule school district pursuant to the authority granted by the Act.

[5] Also before us is Ryan and Mulhern's Application for Relief in the Form of a Motion to Strike and/or Quash Question III in the City's Counterstatement of Questions Involved. Question III reads as follows:

Whether appellants, non-resident wage taxpayers of the City of Philadelphia, allege in their amended complaint facts sufficient to confer standing to contest the legality of the City's transfer of general revenue funds to the School District of Philadelphia?

(Answered in the affirmative by the Court below.)

Although the common pleas court overruled the City's motion to dismiss for lack of standing, the City did not raise this issue for appellate consideration by way of a cross-appeal. Since the City failed to preserve the standing issue for our review. We grant the appellants' Motion to Strike Question III of the City's Counterstatement of Questions.

## Order

The Philadelphia County Common Pleas Court order, No. 3443 December Term, 1981, dated June 24, 1982, is hereby affirmed.

The Appellants' Motion to Strike and/or Quash Question III in the City of Philadelphia's Counter-statement of Questions Involved is hereby granted.