614 A.2d 335

**Charles McINTYRE and Martha McIntyre, his wife, Appellants,**

**v.**

**The BOARD OF SUPERVISORS OF SHOHOLA
TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided Aug. 12, 1992.

Reargument Denied Oct. 6, 1992.

16

Anthony J. Martino, for appellants.

Charles F. Lieberman, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Charles and Martha McIntyre (Landowners) appeal from an order of the Court of Common Pleas of Pike County (trial court) which directed Landowners to bring their property into compliance with the Shohola Township Zoning Ordinance.

Landowners own lakefront property in the Twin Lakes area of Shohola Township (Township), Pike County.[1] In 1987, Landowners built a platform-like structure on their property. Landowners neither applied for a permit to build the structure, nor requested a variance from the Township. At the time the structure was built, Section 1308 of the Shohola

---

1. Sometime prior to the June 18, 1990 decision of the trial court, Charles McIntyre transferred his interest in the property to Martha McIntyre for estate planning purposes. It is not clear from the record whether this transfer took place before the construction of the structure in question. For purposes of this appeal, we will simply refer to both Charles and Martha McIntyre as the owners of the property.

Township Zoning Ordinance (Ordinance) was in effect. Section 1308 prohibits "building construction," except for uncovered docks, within 50 feet of the high water mark of the specified bodies of water in Section 1308.

On October 27, 1989, the Board of Supervisors of the Township (Board) filed a complaint in equity alleging that Landowners' structure violated the 50 foot setback requirement of Section 1308. The Board requested a trial court order directing Landowners to correct the violation.

A hearing before the trial court was held on May 18, 1990. Exhibits, including a photograph of the structure, were introduced by the Board and admitted into evidence at the hearing.

On June 18, 1990, the trial court issued an opinion and order directing Landowners to bring their property into compliance with the Ordinance. The trial court determined that the structure was "building construction" within 50 feet of Twin Lakes' high water mark, and therefore violated Section 1308 of the Ordinance.

Landowners filed exceptions to the order, which were denied by the trial court on July 12, 1990. On appeal to this court, this court determined that because the trial court relied almost exclusively on a photograph which was missing from the certified record, that this court could not exercise its appellate review. *McIntyre v. Board of Supervisors of Shohola Township,* 141 Pa.Cmwlth. 713, 595 A.2d 1328 (1991). The case was remanded on July 1, 1991 to the trial court for the entry of the photograph into evidence, and the admission of additional evidence.

On remand, the trial court, pursuant to the July 1, 1991 remand order of this court, received into evidence a photograph identical to the missing photograph. The trial court also received additional evidence, including three other photographs introduced by Landowners. By order dated September 10, 1991, the trial court again found Landowners in violation of the Ordinance and ordered them to bring their property into compliance.

■ On appeal to this court from the September 10, 1991 order, the issues raised by Landowners are as follows: 1) whether the trial court erred in determining that Section 1308 is applicable to Landowners' structure because Twin Lakes is allegedly not within the categories of water described in Section 1308, and 2) whether the trial court erred in determining that Landowners' structure did not constitute a dock, which has no setback requirement. Our scope of review in equity matters is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Quaker City Yacht Club v. Williams,* 59 Pa.Commonwealth Ct. 256, 429 A.2d 1204 (1981).

Landowners argue first that the trial court erred in determining that Landowners were in violation of Section 1308 of the Ordinance. Landowners contend that Twin Lakes does not fall within the categories of water described in Section 1308 of the Ordinance, and therefore, according to Landowners, the Ordinance is inapplicable to their structure. Section 1308 of the Ordinance states, in pertinent part, as follows:

a. A buffer zone or building setback of not less than fifty (50) feet from the high water mark shall be maintained around any body of water or swamp in excess of 5 acres in size, adjacent to the Delaware River; and adjacent to each side of any major named stream for the purpose of preserving water quality.... There shall be no building construction (excepting uncovered docks), ... within this zone.... Other major named streams shall include ... Twin Lakes Creek....

b. Porches and decks shall meet all setback requirements....

At the hearing before the trial court held pursuant to our remand order of July 1, 1991, the Zoning Officer of Shohola Township testified that Twin Lakes was included within the categories of water specified in Section 1308. The Zoning Officer testified that he read Section 1308(a) as being disjunctive so that a 50 foot building setback was to be maintained around a body of water in excess of 5 acres. The Zoning Officer testified that Twin Lakes was a body of water in

excess of 5 acres, and that therefore, Section 1308 applied to Landowners' structure.

Although the categories of water in Section 1308 are connected with the word "and," it is well settled that the word "and" can mean "or." *Appeal of Martin,* 33 Pa.Commonwealth Ct. 303, 381 A.2d 1321 (1978). Moreover, because the Shohola Township Zoning Officer is charged with the administration and execution of the Shohola Township Zoning Ordinance, his interpretation of the Ordinance is entitled to deference and should not be disregarded unless shown to be clearly erroneous. *Carol Lines, Inc. v. Pennsylvania Public Utility Commission,* 83 Pa.Commonwealth Ct. 393, 477 A.2d 601 (1984). Consequently, the Zoning Officer's testimony constitutes substantial evidence upon which the trial court could rely. Therefore, the trial court did not err in determining that Section 1308 of the Ordinance was applicable to landowners' structure and that Landowners were in violation of Section 1308 of the Ordinance.

Landowners next argue that the trial court erred in determining that the structure in question does not constitute a dock, which has no setback requirement under Section 1308 of the Ordinance. There is no definition of the word "dock" in the Ordinance; therefore, the word "dock" must be given its common meaning. *Odd Fellows Home of Pennsylvania v. Department of Public Welfare,* 56 Pa.Commonwealth Ct. 115, 424 A.2d 961 (1981). Webster's Third New International Dictionary defines the word "dock" as "2: a place for loading or unloading of materials . . .: as a: WHARF." Webster's Third New International Dictionary 665 (1986). The word "wharf" is defined as "any structure projecting from the shore that permits boats or ships to lie alongside for loading or unloading." *Id.* at 2599.

The testimony of the Zoning Officer and the photograph submitted into evidence by the Board show that Landowners' structure is situated approximately 10 feet back from Twin Lakes' edge, and that there is another wooden structure in front of the subject structure which is on the lake's edge.

The photograph shows that it would be impossible either to lie a boat alongside the subject structure or to load or unload directly from the subject structure because of the structure's height and distance from the lake's edge, and because of the other wooden structure in front of it. Therefore, the trial court did not err in determining that Landowners' structure did not constitute a dock, and that Landowners' structure violated the 50 foot setback requirement of Section 1308 of the Ordinance.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, August 12, 1992, the order of the Court of Common Pleas of Pike County in the above-captioned matter is affirmed.