616 A.2d 188

Kevin T. MULRINE and Patricia A. Mulrine, his wife, Dominick Digenova and Rosaria Digenova, his wife, Paul P. Dluhi, Jr. and Barbara Dluhi, his wife, George J. Fatjo and June Fatjo, his wife, Ken Kruk and Mary M. Kruk, his wife, Brick T. Linder, Ed Wilkinson and Ruth Wilkinson, his wife, Scott Broer and Kathleen Broer, his wife, Clara M. Schwinof, Linda Carroll, Madeleine B. Beitmann, Joseph Valentine and Ada Valentine, his wife, Appellants,

v.

POCONO HIGHLAND COMMUNITY ASSOCIATION, INC., a nonprofit corporation, by its officers and board of directors, individuals, Appellee.

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1992.

Decided Oct. 14, 1992.

Peter J. Quigley for appellants.

John B. Dunn for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Appellants, dissident members of the Pocono Highland Community Association, Inc. (Association), appeal from the order of the Court of Common Pleas of Monroe County that dismissed Appellants' petition for review contesting a corporate action of the Association. We affirm.

Pocono Highland Estates (Estates) is a subdivision development in Pocono Township, Monroe County. The Association consists of the Estates' property owners. In June 1986, the Association filed an action in federal court [1] against the Estates' developer for failing to complete development amenities, in particular, failing to complete common roads. The federal court entered a default judgment against the developer and awarded the Association $475,276.00, plus counsel fees. However, the developer's only assets subject to levy were the roads and other common areas in the development, plus 63 unsold lots.

After obtaining the default judgment, the Association's Board of Directors (Board) began executing against the developer's lots. However, before the Association could acquire clear title to the lots, the Association was required to pay outstanding taxes and mortgage obligations on the unsold lots.

---

1. *Pocono Highland Community Association, Inc. v. 3H Commercial Corp.*, No. 86–0862 (M.D.Pa. filed January 25, 1990).

On July 7, 1990, the Board called a special meeting for the purpose of discussing payment of the outstanding taxes and mortgage obligations. The Board proposed that each lot owner pay $300 to cover the back taxes and mortgage obligations. Because only 42 of the 114 voting members of the Association appeared at the meeting, the necessary quorum under the Association's by-laws and the Nonprofit Corporation Law of 1988 (Law)[2] was not met and a vote could not be taken.

On July 10, 1990, the Association sent a letter to lot owners, requesting a mail-in vote on the proposed $300 assessment. A majority voted in favor of the assessment.

On April 23, 1991, Appellants filed a petition for review to the trial court, contesting the corporate action of using a mail-in vote for the $300 assessment under Section 5793 of the Law, 15 Pa.C.S. § 5793. The trial court dismissed Appellants' petition, finding the use of mail-in vote proper.

On appeal,[3] Appellants assert that: 1) the trial court erred in concluding that the use of a mail-in vote was proper; and 2) the trial court erred in finding that it was not within its scope of review to determine whether the Association's actions, regarding the acquisition of the developer's lots were reasonable.

■ First, Appellants assert the trial court erred in holding that the by-laws and the Law allow mail-in votes in this situation. However, Appellants cite no law to support this argument. In fact, the Law has always authorized mail-in balloting for general purposes, other than for by-laws adoption or amendment. *Sparkes v. Wright*, 377 Pa.Superior Ct. 374, 547 A.2d 415 (1988). Not only does the Law permit mail-in votes for general purposes, but the by-laws themselves explain

2. 15 Pa.C.S. §§ 5101–6162.

3. Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or reached a decision which lacks substantial evidentiary support. *Walnut–12 Associates v. Board of Revision of Taxes of the City of Philadelphia,* 131 Pa.Commonwealth Ct. 404, 570 A.2d 619 (1990).

the effects of voting by mail. Article XVIII, Section 11 of the by-laws states that:

[I]f an issue to be voted upon by the general mail vote of the property owners' association is submitted to the property owners by mail, any property owner not returning his ballot within fifteen (15) days from the date of mailing thereof by the association shall be deemed to have voted in the affirmative on the issues so presented.

(70a). Therefore, Appellants have failed to establish any basis upon which to set aside or modify the contested corporate action.[4]

 Appellants also assert that the Board did not properly disclose to the Association's members the actual cost of acquiring the unsold lots, thus, claiming that the Board's imposition of the assessment was improper. However, the wisdom or advisability of the assessment is not an issue for a court to determine. In *McDonald v. Lake Hauto Club*, 59 Pa.Commonwealth Ct. 36, 428 A.2d 785 (1981), we stated:

[I]t is well established legal principle that courts should not substitute their judgment for that of the directors of a corporation and will not interfere with the internal management of the corporation unless the acts complained of constitute fraud, bad faith or gross mismanagement or are unlawful or ultra vires.

*Id.* at 38, 428 A.2d at 786 (citations omitted). Our review of the record finds no allegations of fraud, bad faith or gross mismanagement or that the Board's acts were unlawful or outside of their powers.

Accordingly, we affirm.

## ORDER

AND NOW, this 14th day of October, 1992, the order of the Court of Common Pleas of Monroe County in the above captioned matter is hereby affirmed.

---

**4.** Further, we note that approval by the membership of the Association was not required because it is within the powers of the Board to impose such an assessment with or without approval of the membership.