625 A.2d 706

**Frederick W. GUNDLACH, Appellant,**

v.

**Peter LAISTER, Rector, and the Members of Vestry, St. Clement's Corporation, individually and in their corporate capacity.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided April 29, 1993.

Rehearing Denied June 25, 1993.

Frederick W. Gundlach, pro se.

Daniel W. Cantu–Hertzler, for appellees.

Before DOYLE and KELLEY, JJ. BLATT, Senior Judge.

KELLEY, Judge.

Frederick W. Gundlach (Gundlach) appeals from an order of the Court of Common Pleas of Philadelphia County, Orphans' Court Division (trial court), which sustained the preliminary objections of Peter Laister, Rector, and the Members of Vestry, St. Clement's Corporation (St. Clement's) to Gundlach's petition for citation and dismissed said petition.[1] We affirm.

Gundlach filed a *pro se* petition for citation directed to Peter Laister, Rector and President of Vestry, St. Clement's Corporation, Philadelphia, and to the members of the St. Clement's Vestry, individually and in their corporate capacity, to show cause why Gundlach should not be admitted as a member of St. Clement's. The facts, as alleged in Gundlach's petition for citation, are as follows.

---

1. This court has jurisdiction pursuant to 42 Pa.C.S. § 762(a)(5) (certain private corporation matters).

On September 8, 1991, Gundlach was admitted as a member and communicant of the Episcopal Church in the Episcopal Diocese of Pennsylvania in a ceremony performed at the Church of the Saviour, 38th and Chestnut Streets, Philadelphia, by representatives of the Diocese of Pennsylvania. In December 1991, Gundlach requested that the head priest of the Church of the Saviour transfer Gundlach's church membership papers from the Church of the Saviour to the St. Clement's Church, Philadelphia, a Pennsylvania nonprofit corporation and affiliate of the Episcopal Church. Gundlach's request was pursuant to Episcopal Church Canon 17, § 4.[2]

In January 1992, Rector Peter Laister of St. Clement's Church rejected, without explanation, the transfer of Gund-

2. Episcopal Church Canon 17, § 4 provides:
   Sec. 4(a). A member of this Church removing from the congregation in which his or her membership is recorded shall procure a certificate of membership indicating that he or she is recorded as a member (or adult member) of this Church and whether or not such a member:
   1. is a communicant;
   2. is recorded as being in good standing;
   3. has been confirmed or received by a Bishop of this Church or a Bishop in communion with this Church.
   Upon acknowledgement that a member who has received such a certificate has been enrolled in another congregation of this or another Church, the Minister or Warden issuing the certificate shall remove the name of the person from the parish register.
   (b). The Minister or Warden of the congregation to which such certificate is surrendered shall record in the parish register the information contained on the presented certificate of membership, and then notify the Minister or Warden of the congregation which issued the certificate that the person has been duly recorded as a member of the new congregation.
   Whereupon the person's removal shall be noted in the parish register of the congregation which issued the certificate.
   (c). If a member of this Church, not having such a certificate, desires to become a member of a congregation in the place to which he or she has removed, that person shall be directed by the Minister of the said congregation to procure a certificate from the former congregation, although on failure to produce such a certificate through no fault of the person applying, appropriate entry may be made in the parish register upon the evidence of membership status sufficient in the judgment of the Minister or Warden.
   (d). Any communicant of any Church in communion with this Church shall be entitled to the benefit of this section so far as the same can be made applicable.

lach's membership papers. On January 14, 1992, Allen L. Bartlett, Episcopal Bishop of Pennsylvania, notified Gundlach by letter that Gundlach was a communicant in good standing and, as the Bishop understood the canons, Gundlach had a right with the Episcopal Church to determine where his membership resided.

Thereafter, Gundlach again requested transfer of his membership papers from the Church of the Saviour to St. Clement's Church, pursuant to sections 7106 and 7751 of the Nonprofit Corporation Law of 1988,[3] 15 Pa.C.S. § 5107 and § 5751,[4] and Episcopal Church Canon 17, § 4. On February 6, 1992, Rector Peter Laister informed Gundlach, in writing,

3. Act of November 15, 1972, P.L. 1063, *as renumbered and amended by* Act of December 31, 1988, P.L. 1444, *as amended,* 15 Pa.C.S. §§ 5101–5998.

4. 15 Pa.C.S. § 5107 provides:
   Subordination of subpart to canon law
       If and to the extent canon law applicable to a corporation incorporated for religious purposes shall set forth provisions relating to the government and regulation of the affairs of the corporation which are inconsistent with the provisions of this subpart on the same subject, the provisions of canon law shall control to the extent, and only to the extent, required by the Constitution of the United States or the Constitution of Pennsylvania, or both.
   15 Pa.C.S. § 5751 provides:
   Classes and qualifications of membership
       (a) General Rule.—Membership in a nonprofit corporation shall be of such classes, and shall be governed by such rules of admission, retention, suspension and expulsion, as bylaws adopted by the members shall prescribe, except that all such rules shall be reasonable, germane to the purpose or purposes of the corporation, and equally enforced as to all members of the same class. Unless otherwise provided by a bylaw adopted by the members, there shall be one class of members whose voting and other rights and interests shall be equal.
       (b) Corporations without voting members.—Where the articles provide that the corporation shall have no members, as such, or where a nonprofit corporation has under its bylaws or in fact no members entitled to vote on a matter, any provision of this article or any other provision of law requiring notice to, the presence of, or the vote, consent or other action by members of the corporation in connection with such matter shall be satisfied by notice to, the presence of or the vote, consent or other action by the board of directors or other body of the corporation.

that Gundlach's name did not appear on the list of members of St. Clement's.

Gundlach then filed a petition for citation with the trial court requesting that a citation be awarded, directed to Rector Peter Laister and the members of St. Clement's Vestry, individually and serving in their corporate capacity, to show cause why Gundlach should not be admitted as a member of St. Clement's Corporation.[5]   On September 1, 1992, the trial court awarded Gundlach's citation and directed St. Clement's to show cause why Gundlach should not be admitted as a member of St. Clement's Corporation.

St. Clement's filed timely preliminary objections to Gundlach's petition for citation.   After a hearing, the trial court, en banc, sustained the preliminary objections of St. Clement's and dismissed Gundlach's petition for citation.

In its opinion in support of its order sustaining the preliminary objections and dismissing the petition for citation, the trial court relied on the deference rule which prohibits civil courts, pursuant to the First and Fourteenth Amendments of the United States Constitution, from deciding issues of ecclesiastical law and religious doctrine, custom, polity, and practice. *See Jones v. Wolf*, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979); *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).   The trial court concluded that the dispute in this case was one which was doctrinal in nature and that there had been no adjudication by any church body on the issue of Gundlach's right to membership in St. Clement's Church.   In addition, the trial court refused to apply and interpret the Episcopal Church canon cited by Gundlach.   This appeal followed.[6]

**5.**   The petition at issue here is actually a second petition filed by Gundlach.   The first petition was dismissed by the trial court because the petition did not contain sufficient averments of fact to enable the trial court to determine that it had jurisdiction.   The trial court, in dismissing the petition, suggested that Gundlach seek to obtain relief through appropriate channels within the Episcopal Church.

**6.**   A review of the trial court's opinion in support of its order sustaining St. Clement's preliminary objections reveals that the trial court sustained St. Clement's preliminary objections on the basis of a demurrer.

On appeal, Gundlach argues that (1) under the United States Supreme Court's holding in *Serbian Eastern Orthodox Diocese*, the trial court erred in not deferring to the decision of Bishop Bartlett; (2) the trial court was not competent to decide if the resolution of an ecclesiastical issue by an Episcopal Bishop, transmitted by letter, does or does not represent a sufficient adjudication, but absent fraud or collusion, must apply the decision because Bishop Bartlett is an officer vested with superior ecclesiastical authority in the Episcopal Church; (3) pursuant to 10 P.S. § 81,[7] the Vestry of St. Clement's Church is not permitted to disregard canons in administering church property; and (4) he has standing to bring suit under section 7783 of the Nonprofit Corporation Law of 1988, 15 Pa.C.S. § 5793(a).[8]

In response, St. Clement's argues that the United States Constitution requires deference to a church and its hierarchy as to the question of whether a congregation must admit a person to membership; that there is no adjudication for a civil court to enforce even if the Constitution did not prohibit such enforcement; that Gundlach has waived any claim under 10 P.S. § 81 by failing to raise this issue before the trial court; and that since it is undisputed that Gundlach has never been received as a member of St. Clement's Church, he lacks

In an appeal where a demurrer has been sustained by the trial court, this court must accept as true all well-pleaded facts set forth in the complaint, but is not required to accept as true the legal conclusions contained therein. *Ryan v. City of Philadelphia*, 77 Pa.Commonwealth Ct. 283, 465 A.2d 1092 (1983). A complaint should be dismissed for failing to state a cause of action only in clear cases, free of doubt or reservation. *Knudsen v. Delaware County Regional Water Control Authority*, 84 Pa.Commonwealth Ct. 36, 478 A.2d 533 (1984).

7. Act of June 20, 1935, P.L. 353, *as amended*, 10 P.S. § 81. Section 81 of Title 10 governs lay control of church property; specifically, church property to be subject to the control of officers or authorities thereof and validation of certain charters.

8. 15 Pa.C.S. § 5793(a) provides:
Review of contested corporate action
  (a) General rule.—Upon petition of any person whose status as, or whose rights or duties as, a member, director, member of an other body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action.

standing under the Nonprofit Corporation Law of 1988 to challenge the action of St. Clement's denying him membership.

■ All of the parties to this appeal agree that the Protestant Episcopal Church in the United States of America, of which St. Clement's Church is a member, is a hierarchical church. In *Serbian Eastern Orthodox Diocese,* the United States Supreme Court reiterated the constitutional mandate known as the deference rule initially set forth in *Watson v. Jones,* 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1872) and constitutionalized in *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church,* 344 U.S. 94, 73 S.Ct. 143, 97 L.Ed. 120 (1952). The deference rule provides that civil courts are bound to accept the decisions of the highest judicatories of a religious organization of hierarchical policy on matters of discipline, faith, internal organization, or ecclesiastical rule, custom, or law. *Serbian Eastern Orthodox Diocese,* 426 U.S. at 713, 96 S.Ct. at 2382.

The Pennsylvania Supreme Court recognized the wisdom of this deference rule in *Presbytery of Beaver–Butler v. Middlesex,* 507 Pa. 255, 489 A.2d 1317, *cert. denied,* 474 U.S. 887, 106 S.Ct. 198, 88 L.Ed.2d 167 (1985), when it wrote:

[T]he right to practice one's belief and worship as one chooses is so deep a root of our constitutional culture that a court, even one with the best intentions, can be no more than a clumsy intruder into the most delicate and sensitive areas of human life. When Caesar enters the Temple to decide what the Temple believes, he can leave behind only his own views. The view of a court as to who are heretics among warring sects is worth nothing, and must count as nothing if our cherished diversity of religious views is to prevail.

■ However, civil courts may resolve disputes involving churches that do not require a determination of ecclesiastical issues. *Middlesex,* 507 Pa. at 262, 489 A.2d at 1320–21. Therefore, the threshold question that must be resolved is

whether the dispute in this case is one which is doctrinal in nature or instead involves only questions of civil law. *Id.*

■ Our Supreme Court has recognized that membership in a congregation is purely an ecclesiastical matter subject to the church rules and controlled by the decisions of the appropriate church tribunals in so far as they do not contravene the civil law. *Canovaro v. Brothers of Hermits of St. Augustine,* 326 Pa. 76, 191 A. 140 (1937). The heart of Gundlach's petition for citation in this case is that he desires to become a member of the St. Clement's Church. Accordingly, it is clear that this case involves a purely ecclesiastical matter.

As such, the next determination we must make is whether the letter written to Gundlach by Bishop Bartlett is an "adjudication" by the highest judicatory body of the Episcopal Church. Gundlach relies on *Serbian Eastern Orthodox Diocese* and the cases cited therein, to support his contention that this court must accept and uphold Bishop Bartlett's letter as an adjudication of an officer vested with superior ecclesiastical authority in the Episcopal Church. However, we do not believe that the Bishop Bartlett's letter constitutes such an adjudication.

A review of Bishop Bartlett's letter to Gundlach, which Gundlach attached to his petition for citation, supports this belief. The letter in no way directs or mandates St. Clement's to admit Gundlach as a member of its congregation. On the contrary, the language of the letter suggests that Gundlach should abandon his quest for membership in St. Clement's and seek membership elsewhere. Bishop Bartlett stated in his letter as follows:

> It has certainly always been my understanding that any such communicant of the Episcopal Church has the right to decide where his membership resides, and the rector of the parish selected simply enters that person's name on the parish rolls. You would have the right, in my view, to insist on your letter being accepted at any parish to which you chose to transfer.

However, given your extremely strong feelings about the clergy of St. Clement's Church, my suggestion would be that you leave your membership at the Church of the Saviour for the time being and worship from time to time at St. Clement's Church if that building or style of worship particularly appeals to you. Another church which you might wish to consider is the Church of St. James the Less, ... which follows a similar style of liturgy. A small church of which you may not have heard, catholic in liturgy but not affiliated to my knowledge with the Episcopal Synod of America, is St. Alban's Church, ...

There are dozens of other possibilities, and I do hope you find a satisfying parish in which to worship and serve your fellow man.

Furthermore, Gundlach's petition for citation does not provide any facts which provide guidance to this court as to the exact hierarchy of the Episcopal Church. While Gundlach argues in his brief on appeal that Bishop Bartlett is an officer vested with superior ecclesiastical authority in the Episcopal Church, he does not aver in his petition for citation any facts which support the statement that Bishop Bartlett is vested with such authority.

Therefore, the trial court was correct in its decision that it was prohibited from deciding the issue of Gundlach's right to membership in St. Clement's Church.[9] This matter must be resolved before the appropriate ecclesiastical tribunal, not a civil court.

Accordingly, the order of the trial court sustaining St. Clement's preliminary objections and dismissing Gundlach's petition for citation is affirmed.

## ORDER

NOW, this 29th day of April, 1993, the order of the Court of Common Pleas of Philadelphia County, Orphans' Court Division, dated December 10, 1992, at No. 989 of 1992, is affirmed.

---

**9.** Based on our resolution of this issue, we need not address Gundlach's remaining issues on appeal.