**In re ST. CLEMENT'S CHURCH.**

**Appeal of Frederick W. GUNDLACH, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 18, 1996.
Decided Dec. 23, 1996.

Frederick W. Gundlach, pro se, appellant.

Valerie J. Munson, Philadelphia, for appellee.

Before FRIEDMAN and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Frederick W. Gundlach appeals from a decree of the Court of Common Pleas of Philadelphia County, Orphans' Court Division (trial court), which ordered Gundlach to pay $9,359.00 in counsel fees to the Reverend Canon Barry E.B. Swain, St. Clement's Church and the Vestry of St. Clement's Church (collectively, respondents).[1] We affirm.

On August 19, 1992, Gundlach filed with the trial court a petition for a citation directed to respondents, individually and in their corporate capacity, to show cause why he should not be admitted as a member of St. Clement's Church.[2] The trial court awarded

---

1. Gundlach has proceeded *pro se* in his litigation with respondents.

2. At the time this petition was filed, Peter Laister was the Rector of St. Clement's Church. Barry E.B. Swain has since become the Rector of St. Clement's Church.

   St. Clement's Church is a Pennsylvania nonprofit corporation and an affiliate of the Episcopal Church.

We note that the petition which was filed on August 19, 1992, was actually the second petition filed by Gundlach. The first petition was dismissed by the trial court because the petition did not contain sufficient averments of fact to enable the trial court to determine that it had jurisdiction. In dismissing the first petition, the trial court suggested that Gundlach seek to obtain relief through appropriate channels within the Episcopal Church.

the citation and directed respondents to show cause why Gundlach should not be admitted as a member of St. Clement's Church. Respondents filed preliminary objections to the petition for a citation. Respondents asserted, *inter alia*, that civil courts did not have jurisdiction to decide membership issues because church membership was a matter of ecclesiastical law and religious doctrine whose adjudication by a civil court was prohibited by the First Amendment to the United States Constitution.[3]

By decree dated December 10, 1992, the trial court sustained respondents' preliminary objections and dismissed Gundlach's petition for a citation. The trial court concluded that the dispute between respondents and Gundlach was doctrinal in nature and that, pursuant to the deference rule, the trial court was prohibited from resolving such an ecclesiastical dispute.

Gundlach then appealed the trial court's determination to this court. By order dated April 29, 1993, this court affirmed the trial court's decision. *Gundlach v. Laister*, 155 Pa.Cmwlth. 319, 625 A.2d 706 (1993). This court concluded that the issue of Gundlach's right to membership in St. Clement's Church had to be resolved by the appropriate ecclesiastical tribunal, not a civil court. *Id.* 625 A.2d at 711. Gundlach filed with our Supreme Court a petition for allowance of appeal of this court's April 29, 1993 order but subsequently withdrew that petition.

On March 22, 1994, Gundlach filed with the trial court another petition for a citation directed to respondents, individually and in their corporate capacity, to show cause: (1) why he should not be admitted as a member of St. Clement's Church; (2) why respondents should continue to hold corporate offices in St. Clement's Church;[4] (3) why vestry members, in their individual capacity, should not be required to pay legal fees incurred to evade compliance with church canons; and (4) why respondents should allow Valerie J. Munson, Esquire, to continue to represent St. Clement's Church in its efforts to disregard church canons. The trial court awarded Gundlach's citation. Respondents filed preliminary objections to the petition. Respondents asserted, *inter alia*, that civil courts did not have jurisdiction to decide the membership issue or any of the other issues raised in Gundlach's petition because they were matters of ecclesiastical law and religious doctrine. Respondents also asserted that Gundlach's conduct in commencing and continuing this action was obdurate, vexatious and in bad faith. As such, respondents requested that they be awarded counsel fees and costs pursuant to section 2503 of the Judicial Code, 42 Pa.C.S. § 2503.[5]

By decree dated July 11, 1994, the trial court sustained respondents' preliminary objections and dismissed Gundlach's petition for a citation. The trial court noted that the relief sought by Gundlach with respect to the issue of his membership in St. Clement's Church was identical to the relief which Gundlach had requested in his August 19, 1992 petition. The trial court again concluded that the issue of church membership was

3. This prohibition on civil courts from deciding issues of ecclesiastical law and religious doctrine, custom, policy and practice is referred to as the "deference rule." The deference rule provides that civil courts are bound to accept the decisions of the highest judicatories of a religious organization of hierarchical policy on matters of discipline, faith, internal organization, or ecclesiastical rule, custom or law. *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).

4. Gundlach asserted in his petition that Reverend Canon Swain and the Vestry of St. Clement's Church had failed to abide by church canons with respect to the use of authoritative texts for worship in the Episcopal Church. As such, Gundlach argued that, because they had failed to

abide by church canons, they were ineligible to be officers of St. Clement's Church.

5. Section 2503 of the Judicial Code provides, in pertinent part, as follows:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

\* \* \* \* \* \*

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

\* \* \* \* \* \*

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

doctrinal in nature and that the trial court was prohibited from resolving such an ecclesiastical dispute. The trial court then considered the other issues raised by Gundlach in his petition for a citation and found them to be based upon Gundlach's contention that St. Clement's Church was not using the appropriate texts for worship in the Episcopal Church. The trial court concluded that these matters were so clearly doctrinal in nature that no further discussion of them was necessary. Such matters were to be determined by Church authorities and not by a court of law. The trial court further stated that respondents' request for counsel fees and costs must await a final determination of this dispute and the filing of a separate petition containing specific averments in support thereof.

On August 10, 1994, Gundlach appealed the trial court's determination to this court. On March 24, 1995, Gundlach filed with this court a motion to withdraw his appeal on the grounds that he intended to pursue this litigation in federal district court.[6] By order dated March 28, 1995, this court granted Gundlach's motion to withdraw his appeal.

On July 6, 1995, respondents filed with the trial court a petition for a citation directed to Gundlach to show cause why respondents should not be awarded their counsel fees in connection with defending: (1) the petition filed by Gundlach with the trial court on March 22, 1994 and dismissed, upon preliminary objections, on July 11, 1994; and (2) the appeal filed by Gundlach with this court on August 10, 1994 and withdrawn on March 24,

1995. Respondents asserted that Gundlach's March 22, 1994 petition had no legitimate factual or legal basis in light of prior, controlling precedents concerning the lack of civil court jurisdiction over religious issues. Respondents further asserted that the filing of a groundless lawsuit by Gundlach constituted arbitrary, vexatious and bad faith conduct which was sanctionable. Respondents also asserted that Gundlach's delay in withdrawing his appeal, which had been filed with this court on August 10, 1994, unnecessarily escalated the time and expense of this litigation to the respondents. As such, respondents requested that Gundlach be required to pay them counsel fees in the amount of $9,359.00, pursuant to section 2503 of the Judicial Code, 42 Pa.C.S. § 2503.

On July 11, 1995, the trial court issued a petition for a citation directed to Gundlach to show cause why counsel fees should not be awarded to respondents. On August 8, 1995, Gundlach filed preliminary objections to the petition. By decree dated October 26, 1995, the trial court overruled Gundlach's preliminary objections and directed him to file an answer to the petition. Gundlach appealed the trial court's decree to this court which quashed his appeal on the grounds that the trial court's decree was interlocutory.

A hearing on respondents' petition for an award of counsel fees was held before the trial court on May 30, 1996. At the hearing, respondents presented oral testimony and documentary evidence in support of their petition. Gundlach did not appear at the

6. During the pendency of his appeal before this court, Gundlach changed his place of residence from Pennsylvania to New Jersey. We note that on January 23, 1995, respondents filed with this court a motion to dismiss Gundlach's appeal. By letter dated January 26, 1995, Gundlach informed respondents that if his appeal was dismissed he would immediately file a federal diversity suit in the United States District Court for the Eastern District of Pennsylvania. Supplemental Reproduced Record (R.) at 185b. By order dated January 30, 1995, this court denied respondents' motion to dismiss. Respondents' brief with respect to Gundlach's appeal was filed with this court on February 24, 1995. However, on March 24, 1995, Gundlach decided to withdraw his appeal in favor of pursuing litigation in federal court.

In his motion to withdraw his appeal, Gundlach stated his intent to file suit against respondents under the diversity of citizenship statute in the United States District Court for the Eastern District of Pennsylvania. Gundlach asserted that his action in federal court would focus upon issues of federal constitutional law which were already the subject of his appeal before this court. Because the federal court would not be bound by this court's interpretation of federal constitutional law, Gundlach stated that his appeal before this court would be redundant.

We note that Gundlach's complaint which was filed in the United States District Court for the Eastern District of Pennsylvania was dismissed upon motion by respondents on the grounds of res judicata and the deference rule. R. at 119b. Gundlach has appealed this determination to the Third Circuit Court of Appeals. *Id.*

hearing and no evidence was submitted on his behalf.[7]

By decree dated June 11, 1996, the trial court granted respondents' petition for an award of counsel fees. The trial court found that: (1) it had *in personam* jurisdiction over Gundlach; (2) the conduct of Gundlach in filing his March 22, 1994 petition was arbitrary, vexatious and in bad faith under section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9); (3) the conduct of Gundlach in filing his August 10, 1994 appeal with this court and subsequently withdrawing that appeal was dilatory, obdurate and vexatious conduct under section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7); and (4) the sum of $9,359.00 represented fair and reasonable compensation to counsel for respondents. Accordingly, the trial court ordered Gundlach to pay respondents $9,359.00 in counsel fees. Gundlach now appeals the trial court's determination to this court.

In this appeal, Gundlach has raised the following issues for our review: (1) whether the trial court erred in awarding legal fees to respondents because he has raised legitimate legal arguments which have never been addressed by the trial court or by this court; (2) whether the deference rule prohibits the application of state corporate statutes to a nonprofit corporation that operates as a religious society; (3) whether religious canons resolve the matter of what constitutes an "adjudication" in his favor; and (4) whether the trial court should have ruled on his request to use and enjoy church property because such a request does not require a determination of ecclesiastical questions.

■ Gundlach first argues that the trial court erred in awarding counsel fees to respondents because he has raised legitimate legal arguments which have not been addressed by the trial court or by this court. We disagree.

Our review of the entire record in this case indicates that Gundlach has continued to raise the same arguments throughout the course of his litigation with respondents.

Gundlach has asserted that he should be admitted as a member of St. Clement's Church and that respondents have failed to properly interpret and adhere to church canons with respect to the use of authoritative texts for worship in the Episcopal Church. Gundlach has further asserted that respondents should not be allowed to evade compliance with church canons and should be held accountable for their non-compliance with church canons. We point out that all of Gundlach's arguments have related to ecclesiastical matters and to issues of religious practice and policy.

As we have stated, it is well settled that civil courts are prohibited from deciding issues of ecclesiastical law and religious doctrine, custom, policy and practice. This court clearly explained the application of the deference rule in *Gundlach v. Laister*, 155 Pa.Cmwlth. 319, 625 A.2d 706 (1993). The arguments which have been raised by Gundlach continue to be ones which should be resolved by the appropriate ecclesiastical tribunal.

■ We note that the burden of proving an entitlement to counsel fees is on the party claiming such an entitlement. *Hunsicker v. Department of Transportation, Bureau of Driver Licensing*, 657 A.2d 84 (Pa.Cmwlth. 1995). A trial court's determination regarding an award of counsel fees will not be reversed on appeal, absent an abuse of discretion, where the trial court's findings are supported on the record. *Id.*

■ In imposing counsel fees upon Gundlach, the trial court stated that Gundlach's conduct in filing his March 22, 1994 petition for a citation was arbitrary, vexatious and in bad faith under section 2503(9) of the Judicial Code. Section 2503(9) of the Judicial Code provides that a participant shall be entitled to reasonable counsel fees when "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. § 2503(9). The trial court further stated that Gundlach's conduct

---

7. We note that by letter to the trial court dated May 25, 1996, Gundlach waived his right to a hearing in this matter. He requested that the trial court rely upon his answer to respondents' petition which he had filed with the trial court on March 11, 1996. Original Record, Letter from Frederick W. Gundlach to the Honorable Edmund S. Pawelec, dated May 25, 1996.

in filing his August 10, 1994 appeal with this court and subsequently withdrawing that appeal was dilatory, obdurate and vexatious conduct under section 2503(7) of the Judicial Code. Section 2503(7) of the Judicial Code provides that a participant shall be entitled to reasonable counsel fees "against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). We note that this court has stated that a "vexatious" suit is one that is instituted without sufficient grounds and that only serves to cause annoyance. *Springfield Township v. Gonzales*, 158 Pa.Cmwlth. 664, 632 A.2d 1353 (1993), *petition for allowance of appeal denied*, 538 Pa. 618, 645 A.2d 1321 (1994).

The record in the present case indicates that throughout the course of his litigation with respondents, Gundlach has sought redress for his disagreements with respondents' religious policies and practices. Yet, this court's opinion in *Gundlach v. Laister*, 155 Pa.Cmwlth. 319, 625 A.2d 706 (1993), clearly stated that the deference rule prohibits civil courts from resolving ecclesiastical disputes. The record in this case supports the trial court's findings that Gundlach's conduct beginning in March 1994 was vexatious and should be sanctioned. Accordingly, we conclude that the trial court did not abuse its discretion by awarding counsel fees to respondents.

■ The remaining issues which Gundlach has raised in this appeal were initially raised by Gundlach in his petition for a citation which he filed with the trial court on March 22, 1994. By decree dated July 11, 1994, the trial court dismissed Gundlach's petition for a citation. Gundlach appealed the trial court's determination to this court but subsequently withdrew that appeal. As a result, the trial court's determination became final. Therefore, Gundlach has waived further consideration of those issues now.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 23rd day of December, 1996, the decree of the Court of Common Pleas of Philadelphia County, Orphans' Court Division, dated June 11, 1996, at No. 989 of 1992, is affirmed.