582 A.2d 95

**Robert Barr CRAWFORD, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted June 28, 1990.

Decided Oct. 31, 1990.

658

James M. Herb, Law Offices of James M. Herb, Pittsburgh, for appellant.

Timothy P. Wile, Asst. counsel-in-charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, KELLEY and BYER, JJ.

KELLEY, Judge.

This is an appeal [1] by Robert B. Crawford (licensee) from an order of the Court of Common Pleas of Allegheny County (trial court) dismissing his appeal from a one-year license suspension imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547.

The evidence of record reveals that on July 31, 1989, Officer Richard White of the Ross Township Police Department was dispatched to the scene of a fire. Upon arriving, he was informed that the licensee had run through a roadblock set up by the fire department to reroute traffic around the fire scene. He caught up with the licensee in the parking lot of the King's Inn. When Officer White questioned the licensee, he noticed that the licensee's eyes were bloodshot, his speeach was slurred, and that there was a strong odor of alcohol on his breath. The licensee then failed two field sobriety tests. He was subsequently placed under arrest for driving under the influence and transported to the police station where he was requested to take a

---

1. This case, submitted to the court en banc on briefs, was reassigned to the writer on September 11, 1990.

breathalyzer test.[2] The record reflects that the licensee refused to take the test. He was subsequently notified by DOT that, as a result of his refusal to submit to chemical testing, his operating privileges were being suspended for one year pursuant to Section 1547 of the Code. The trial court upheld the suspension on appeal. It is from this order of the trial court that the licensee appeals to this Court.[3]

The licensee's sole argument on appeal is that the trial court abused its discretion in dismissing his appeal because it did so prior to affording him an opportunity to present additional testimony. We disagree.

At the conclusion of his hearing before the trial court, the licensee sought to preserve an opportunity to present additional testimony concerning the existence of an alleged agreement between himself, Officer White, and the district attorney, whereby the licensee would waive his right to a preliminary hearing on the driving under the influence charge and in exchange, the district attorney would withdraw the notice of refusal sent to DOT. However, contrary to the licensee's version of the facts, the record reflects that he reserved only the right to present additional testimony concerning the existence of the aforementioned agreement provided the trial court ruled that such agreements were valid and binding.

We note that even though the trial court correctly determined that the aforementioned agreement was not valid and binding, it still exceeded its scope of review by considering the terms of the alleged agreement when reviewing the refusal suspension. *See Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa.Common-

---

2. The record reflects that pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the licensee was read his *Miranda* rights. He was also informed of the consequences of refusing to submit to chemical testing.

3. Our scope of review in a license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth*, 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988).

wealth Ct. 105, 533 A.2d 501 (1987). Under *Lefever*, neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. *Lefever*, 111 Pa.Commonwealth Ct. at 110, 533 A.2d at 503. Therefore, because the trial court correctly determined that the alleged criminal plea agreement was invalid, we hold that it did not abuse its discretion in dismissing the licensee's appeal.

As a final matter, we must decide whether DOT is entitled to an award of damages pursuant to Pa.R.A.P. 2744.[4]

 DOT argues that it is entitled to counsel fees because this appeal is frivolous. Generally speaking, an appeal is deemed to be frivolous if it lacks any basis in law or fact. *Smith v. Pennsylvania Board of Probation and Parole*, 524 Pa.500, 574 A.2d 558 (1990). The licensee's appeal lies in the fact that he justifiably, and in good faith, relied on the district attorney's authority to bind the Commonwealth in plea bargain agreements.

As stated above, this Court held in 1987 that a district attorney in plea bargaining does not have jurisdiction to bind DOT to withdraw a civil license suspension. *Lefever*, 111 Pa.Commonwealth Ct. at 110, 533 A.2d at 503. The instant case arose in 1989, two years after the *Lefever* decision. Therefore, the district attorney in this case should have been aware that he had no authority to enter into an agreement whereby he could withdraw the notice of refusal sent to DOT in exchange for the licensee waiving his right to a preliminary hearing on the driving under the influence charge.

4. Rule 2744 reads:
> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
> (1) a reasonable counsel fee and
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
> if it determines that an appeal is frivolous.... The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Neither the licensee in this case nor should any citizen be penalized for entering into a plea bargain with the district attorney that resulted in an invalid agreement, because the district attorney's office exceeded its authority under the law.

The power to award counsel fees under Pa.R.A.P. 2744 is discretionary. Since the licensee in this case had a factual basis for pursuing his appeal, we find, therefore, the appeal was not frivolous.

Accordingly, we affirm the order of the trial court dismissing the licensee's appeal from his license suspension and deny DOT's request for damages.

## ORDER

NOW, this 31st day of October, 1990, the order of the Court of Common Pleas of Allegheny County, Civil Division No. SA 2478 of 1989, in the above-captioned matter is hereby affirmed and the Department of Transportation's request for damages is denied.