611 A.2d 765

**COMMONWEALTH of Pennsylvania**

v.

**David A. LAWRENCE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1992.

Filed Aug. 6, 1992.

576

Matthew Hanna, Media, for appellant.

Dennis C. McAndrews, Asst. Dist. Atty., Media, for Com., appellee.

Before CAVANAUGH, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

This is a direct appeal from a sentence requiring Appellant to serve a term of confinement from thirty days to twelve months incarceration as a second offender under the mandatory sentencing provisions of Pennsylvania's Driving Under the Influence statute. 75 Pa.C.S.A. § 3731. The sole issue on appeal is whether the decisions of *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989) and *Commonwealth v. Kearns*, 365 Pa.Super. 13, 528 A.2d 992 (1987), which rule that the seven year period used to calculate recidivism under the provision of 75 Pa.C.S.A. § 3731 is to be measured from the date of the prior conviction to the date of the second offense, remain valid in light of the most recent amendments to § 3731(e)(1)(ii). We conclude that the language changes do not alter the clear intent of the statute as identified in *Kimmel* and *Kearns, supra,* and accordingly, we affirm Appellant's Judgment of Sentence.

Appellant was arrested on May 10, 1991 on a charge of driving under the influence. After pleading guilty he was sentenced by the court as a second offender based upon his previous admission into an ARD program less than 7 years earlier, in August of 1984. Appellant filed a motion for reconsideration of sentence for the court to determine whether under the provisions of § 3731 the seven year period should be calculated from the date of his prior arrest, April 13, 1984 to the date of his present arrest, May 10, 1991, rather than measured by the date of the prior conviction and the date of the current offense, which the trial court accepted with reference to the decisions on *Kimmel* and *Kearns*. The trial court rejected Appellant's claim that language changes in the penalty section of § 3731 require a different interpretation than that offered in *Kimmel* and *Kearns*.

At issue in *Kimmel* and *Kearns* was an interpretation of the following provision:

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and to serve a minimum term of imprisonment of:

.        .        .        .        .

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S.A.(e)(1)(ii) (1982)

Subsection (e)(1)(ii) was amended in 1990 to more specifically clarify the events which would be considered a previous conviction. It now provides:

(ii) Not less than 30 days if the person has previously accepted Accelerated Rehabilitative Disposition or any other form of preliminary disposition, been convicted of, adjudicated delinquent or granted a consent decree under

the Juvenile Act (42 Pa.C.S. § 6301 et seq.) *based on an offense* under this section or of an equivalent offense in this or other jurisdictions within the previous seven years. 75 Pa.C.S.A. § 3731(e)(1)(ii) (1990) (emphasis added.)

Appellant focuses on the specific language which prior to the amendment directed courts to consider persons who had "previously been convicted of an offense" and now refers to persons who have been previously subject to a number of criminal dispositions "based on an offense under this section." He asserts a "fair reading of this [amended] section would indicate that the offense to offense analysis should be applied." Appellant's Brief at 4. In the alternative he suggests that the paragraph is "ambiguous" and given the fact that a court is required to strictly construe penal statutes in favor of defendants, he should have the benefit of an interpretation which would calculate the seven year period from offense to offense, conferring on him first offender status.

The *Kearns* court considered a similar argument in its interpretation of the earlier provision and rejected the appellant's suggestion that the seven year period should be measured from the date of the first offense to the date of the second offense, or from the date of the first conviction to the date of the second conviction. In interpreting the recidivist provision the court examined it in relation to other sections of the same statute. The court looked to subsection (d), which has not been amended, and which provides:

(D) **Certain dispositions prohibited.**—the attorney for the Commonwealth shall not submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

(1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under this section within seven years of the date of the current offense.

The court also made reference to 42 Pa.C.S.A. § 9714 which, regarding enhanced penalties for those who have committed crimes of violence, states that "the previous

conviction occurred within seven years of the date of the commission of the instant offense." The *Kearns* court concluded: "We can glean from these recidivist statutes a common thread which runs through the enhancement penalty sections; that is, a seven year period applies to prior convictions which are measured to the date of the current offense." *Commonwealth v. Kearns, supra.* 365 Pa.Super. at 20, 528 A.2d at 993.

*Commonwealth v. Kimmel, supra,* affirmed the interpretation of Section 3731(e)(1)(ii) made by the Superior Court in *Kearns.* The Pennsylvania Supreme Court in *Kimmel* found the statutory provision to be clear and free from ambiguity. The court noted that "the legislature deliberately used the words 'violating' and 'conviction' to anchor both ends of the computation." In closing the court remarked: "We read Section 3731(e)(1)(ii) as meaning exactly what is says: a present violation and a previous conviction constitute the look-back period. The plain meaning of the statute affords no other interpretation." *Commonwealth v. Kimmel,* 523 Pa. at 111, 565 A.2d at 428.

Despite the modification of language in 3731(e)(1)(ii) we too find the present statute to be clear and subject to a singular interpretation. It requires the court to compute the period of time between a defendant's present violation and any previous occasion when this same individual was accepted into ARD or another form of preliminary disposition, convicted, adjudicated or granted a consent decree based on an offense under Section 3731, (Driving under the influence of alcohol or controlled substance.) The amended language does not change the manner in which previous criminal adjudications are to be calculated for penalty purposes. The new wording merely more clearly identifies what will constitute an event which is to be considered a conviction and thereby be eligible for consideration in the seven year computation period. Each of the stated events, however, must continue to concern, or be based upon, an offense defined in § 3731.

Our reading of the present statute is in keeping with the reasoning of the *Kearns* court which paralleled other statutory provisions. Of particular importance is the language of § 3731(d) which refers to defendants who have been found guilty or accepted ARD on a charge under § 3731 within seven years of the current offense. The provisions of the revised § 3731(e) continue to remain consistent with subsection (d). Appellant's position suggests an interpretation which is both contrary to the clear wording of paragraph (ii) and the remaining provisions of the drunk driving statute.

Because we conclude that the trial court wisely rejected Appellant's claim and measured the seven year period of recidivism from the date of his prior acceptance into ARD, August 14, 1984, to the date of the current offense, May 10, 1991, we affirm its decision to sentence him as a second offender.

Judgment of Sentence affirmed.