632 A.2d 864

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Theodore WOLF, Petitioner.**

Supreme Court of Pennsylvania.

Submitted March 8, 1993.

Decided Nov. 1, 1993.

Carl A. Parise, Schiffman, Parise & Wojdowski, Pittsburgh, for petitioner.

Robert E. Colville, Dist. Atty., Ross Lenhardt, and Kevin F. McCarthy, Asst. Dist. Attys., Pittsburgh, for respondent.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The limited issue before this Court is whether Petitioner, Theodore Wolf, is entitled to a stay of the mandatory one year suspension of his driver's license during the pendency of his appeal from his conviction of driving under the influence of alcohol ("DUI"). For the reasons that follow, we conclude that Petitioner is not entitled to a supersedeas or stay of the mandatory suspension pending appeal, and that the trial court possesses no authority to stay the mandatory suspension beyond the date of sentencing under the facts of this case.

On April 9, 1992, a jury found Petitioner guilty of two counts of driving under the influence of alcohol.[1] The trial

---

1. 75 Pa.C.S. § 3731(a)(1) and (4). The record reflects that on October 30, 1990, Petitioner's vehicle and a vehicle occupied by the arresting

court denied Petitioner's post-trial motions and sentenced him on July 1, 1992 to 48 hours incarceration, 23 months probation, alcohol evaluation, safe driving school and a fine of three hundred dollars. During sentencing the prosecution sought to have Petitioner surrender his driver's license based upon the mandatory one year suspension upon conviction of DUI,[2] which request the trial court denied. Nevertheless, upon further review at the request of the Commonwealth, on July 31, 1992 the trial court entered an order directing Petitioner to surrender his driver's license, but deferred actual surrender of the license until August 31, 1992 based upon Petitioner's request for time to seek a supersedeas.

On August 28, 1992, Petitioner filed a Petition for Supersedeas with the trial court, wherein Petitioner requested a stay of the trial court's surrender order pending resolution of his July 30, 1992 appeal of the underlying DUI conviction to the Superior Court. The trial court denied the Petition for Supersedeas on August 28, 1992. On August 31, 1992, Petitioner filed a similar Petition for Supersedeas with the Superior Court, which was denied by *per curiam* order dated September 2, 1992 in reliance upon that court's prior decision in *Commonwealth v. Weis,* 416 Pa.Super. 623, 611 A.2d 1218 (1992).

On September 2, 1992, Petitioner filed a Petition for Emergency Relief and Supersedeas with this Court seeking to invoke our Extraordinary Jurisdiction pursuant to 42 Pa.C.S. § 726. In response to this Emergency Petition, on September 3, 1992, this Court issued an order granting the Petition for Emergency Relief and Supersedeas and staying the surrender order of the trial court pending further order of this Court.

officers were stopped next to each other at a traffic signal. While the signal remained red, Petitioner executed a right turn from the left lane and entered an access ramp for Interstate 79. In so doing, Petitioner moved his vehicle from the left lane of traffic, in front of the vehicle of the arresting officers, which was located in the right lane. Thereafter the police officers stopped Petitioner, and upon detecting the presence of alcohol, and after conducting field sobriety tests, transported Petitioner to the station where he failed an intoxilyzer test.

2. 75 Pa.C.S. §§ 1532(b)(3), 1540 and 1541(a).

On December 9, 1992, this Court ordered, *per curiam,* that this matter be submitted to the full court on briefs limited to the question of:

Whether Petitioner is entitled to a supersedeas or stay of the suspension of his operator's license during pendency of an appeal to the appellate courts for his conviction of driving while under the influence of alcohol.

Upon full review of the record, the arguments advanced by the parties, and the legislation by which we are bound, we conclude that the mandatory one year suspension imposed upon conviction for DUI does not entitle Petitioner to a stay of his suspension pending appeal of his conviction, and that the trial court possesses no authority to stay the mandatory suspension beyond the date of sentencing under the facts of this case.

Petitioner advances the following four specific arguments in favor of a stay of his suspension pending appellate review of the underlying DUI conviction:

1. The trial court was without jurisdiction to enter a license surrender order after the filing of a notice of appeal to the Superior Court of the underlying DUI conviction.

2. Section 1540 of the Motor Vehicle Code may not be construed to insulate a punitive license suspension from constitutionally guaranteed appellate review under Article V, Section 9 of the Pennsylvania Constitution.

3. A Stay of the Surrender Order purportedly prescribed by Section 1540 of the Motor Vehicle Code is not required.

4. If a stay of the license suspension order is required, such an order is warranted in this case.

In order to address these claims it is necessary for us to examine the interplay between several sections of the Vehicle Code, 75 Pa.C.S. § 101 et seq. Namely, Section 3731 (Driving under influence of alcohol or controlled substance); Section 1532 (Revocation or suspension of operating privilege); Section 1540 (Surrender of license); and Section 1550 (Judicial review of suspension of driver's license).

■ Petitioner's license was suspended by the trial court pursuant to Section 1540 of the Vehicle Code which provides:

Upon conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 (relating to revocation or suspension of operating privilege), the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. The suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur.

Unquestionably, Petitioner was *convicted* of DUI pursuant to 75 Pa.C.S. § 3731, an offense which calls for a mandatory one year suspension in accordance with 75 Pa.C.S. § 1532.[3] Therefore, pursuant to the plain meaning of 75 Pa.C.S. § 1540, Petitioner was required to surrender his driver's license upon such conviction. While section 1540 does specifically grant the trial court and the District Attorney discretion with regard to the effective date of the suspension, this discretion is limited to the period of time prior to the date of sentencing by the trial court. Upon sentencing, the DUI conviction becomes final,[4] and Section 1540 requires that the driver's license be

3. Specifically, 75 Pa.C.S. § 1532(b)(3), provides that "[t]he department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)."

4. We recognize that a conviction, while generally finalized through imposition of a judgment of sentence, is also, as a practical matter, not final until appeals have been exhausted or the time for appeal has expired. However, given the procedural framework established by the Legislature, which requires the trial court and/or District Attorney to compel surrender of the driver's license, we conclude that the Legislature envisioned that the imposition of sentence constitutes a conviction for purposes of the mandatory suspension. *Commonwealth v. Weis*, 416 Pa.Super. 623, 611 A.2d 1218 (1992); Cf. *Riddle v. Commonwealth, Department of Transportation*, 136 Pa.Commw. 508, 583 A.2d 865 (1990) (within the context of a license suspension appeal, a final order of the trial court dismissing the appeal, after hearing, concludes the *de novo* review process and constitutes a final determination of the mat-

surrendered at that time. Thus, neither the trial court nor the District Attorney possess the authority to extend the effective date of the suspension beyond the date of conviction, i.e., the date sentence is imposed.

 Furthermore, the Legislature has specifically addressed the discretion of the trial court to grant a supersedeas of a suspension order through 75 Pa.C.S. § 1550. Pursuant to Section 1550, review of a mandatory suspension by a trial court is limited to a determination of whether the aggrieved party is actually the person whose operating privilege is subject to suspension, unless it involves the disqualification of a commercial operating privilege. In cases involving commercial licenses, the Legislature has chosen to give the trial court the power to grant a supersedeas of a suspension order upon the showing of a reasonable likelihood of successful prosecution of the appeal. 75 Pa.C.S. § 1550(b)(2).[5] In all other cases, the Legislature has provided for only a limited supersedeas of the suspension order until final determination by the trial court of whether the suspension has been imposed upon the proper person. 75 Pa.C.S. § 1550(b)(1) and (c).[6]

Moreover, it is obvious that the Legislature was aware of the frustration in the situation where a defendant serves the mandatory suspension upon conviction and then has that

ter); and *Commonwealth v. Russo*, 96 Pa.Commw. 187, 506 A.2d 1349 (1986) (date of conviction for purposes of a mandatory license suspension is the date sentence is imposed).

5. There is no evidence of record indicating that the case *sub judice* involves the disqualification of a commercial operating privilege.

6. We note that as a practical matter the courts of this Commonwealth have applied an expanded scope of review in license suspension cases when presented with the merits of a suspension that is not the result of a conviction, such as in the case of the mandatory suspension for refusal to submit to chemical testing. 42 Pa.C.S. § 1547. See generally *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989). Our review of the matter *sub judice* is necessarily limited to supersedeas requests pending appellate review of an underlying *conviction*. Notwithstanding the obvious similarity of a request for supersedeas of a non-conviction based suspension pending appeal from the trial court, we save for another day the question of whether there exist qualitative differences that would support a conclusion that the trial court possesses authority to issue a supersedeas of a non-conviction based suspension pending appeal.

conviction reversed on appeal, since it expressly provided for a limited delay of the commencement of suspension for up to six months upon a showing of hardship. 75 Pa.C.S. § 1541(a). The six-month delay available in cases of hardship, sufficiently exhibits to us that the Legislature was aware of the inconvenience or frustration associated with the loss of driving privileges and expressly ameliorated it to the extent it deemed to be appropriate.

Therefore, based upon the legislative intent, as expressed in the statute, we conclude that Petitioner does not have the right to have the commencement of his mandatory suspension delayed by the trial court beyond the date of sentencing, to wit, the date of final conviction.

Given this holding, we acknowledge that the trial court in this instance should not have delayed its surrender order until July 31, 1992, which was thirty days after sentencing. However, we nevertheless conclude that this delay does not invalidate the surrender order for the reasons advanced by the Petitioner.

The mandatory suspension of a driver's license upon conviction for DUI is a collateral civil penalty administratively imposed by the Pennsylvania Department of Transportation ("PennDOT") pursuant to the mandates of the Motor Vehicle Code *not* the Crimes Code.[7] Thus, the mandatory suspension is not a direct criminal penalty, but rather, is a civil sanction wholly unrelated to Petitioner's appeal of the criminal conviction to the Superior Court. See *Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990); *Commonwealth, Department of Transportation v. Weniger*, 136 Pa.Commw. 603, 584 A.2d 394 (1990). While Petitioner is correct that Pa.R.A.P. 1701 expressly limited the power of the trial court to proceed once he filed his appeal with the Superior Court, such limitations affected only the trial court's ability to act in connection with Petitioner's conviction for DUI, *not* its ability to act in connection with the wholly unrelated civil sanction administratively imposed by PennDOT.

7. 18 Pa.C.S. § 101 et seq.

By ordering Petitioner to surrender his license, the trial court was not modifying its prior judgment of sentence being reviewed on appeal, but rather, was acting in an ancillary manner by properly following the mandates of the Motor Vehicle Code and initiating, through Notice of Conviction, the mandatory civil license suspension imposed by PennDOT. While the trial court technically erred in temporarily staying surrender of Petitioner's license in violation of its duty to PennDOT to order surrender on the proper "effective date," Petitioner was not prejudiced thereby. Thus, we conclude that the trial court's surrender order, which effectively complied with the mandates of Section 1540, and which did not violate Pa.R.A.P. 1701, is not invalid.

■ Petitioner's specific attack in the form of a constitutional challenge to the mandatory suspension while appeal of the underlying conviction is pending does not alter our conclusions. Petitioner claims that requiring surrender of his driver's license upon conviction pursuant to 75 Pa.C.S. § 1540, while that conviction is being reviewed on appeal, violates the constitutional guarantee of appellate review pursuant to Article V, Section 9 of the Pennsylvania Constitution. This claim ignores the distinction between his separate appeals from the criminal penalties and the civil penalties associated with his conviction for DUI, as well as the clear language contained in the Motor Vehicle Code. Under these circumstances, the Legislature has reasonably provided for review of the collateral civil suspension imposed by PennDOT, limited to the appropriate inquiry of whether Petitioner *was* convicted as opposed to whether Petitioner *should have been* convicted, and otherwise ameliorated the hardship associated with such suspensions to the extent it deemed reasonable in order to limit the *privilege* of operating a motor vehicle to those who can do so safely. 75 Pa.C.S. §§ 1550, 1541. *Commonwealth v. Strunk,* 400 Pa.Super. 25, 582 A.2d 1326 (1990), *allocatur denied,* 528 Pa. 630, 598 A.2d 283 (1991). It is axiomatic that such suspensions are not ordered by PennDOT until *after* one

receives due process of law culminating in conviction for DUI.[8]

Accordingly, we hold that Petitioner is not entitled to a stay of the mandatory one year suspension of driving privileges imposed by PennDOT upon conviction for DUI, and that the trial court possesses no authority to stay mandatory suspensions beyond the date of sentencing under the facts of this case.[9]

The Petition for Emergency Relief and Supersedeas is denied, and Petitioner is ordered to immediately surrender his driver's license to the appropriate authorities pursuant to the surrender order of the Court of Common Pleas of Allegheny County, Criminal Division, dated July 31, 1992.[10]

8. While Petitioner has couched this argument in constitutional terms, he has not argued that the immediate mandatory suspension of driving privileges upon conviction does not seek to promote any legitimate state interest or public value, or that it is not reasonably related to accomplishing that interest or value. *Love v. Borough of Stroudsburg*, 528 Pa. 320, 597 A.2d 1137 (1991); *Fischer v. Department of Public Welfare*, 509 Pa. 293, 502 A.2d 114 (1985); *Commonwealth v. Strunk*, 400 Pa.Super. 25, 582 A.2d 1326 (1990), *allocatur denied*, 528 Pa. 630, 598 A.2d 283 (1991). Therefore, we are not compelled to describe the rational basis for the Legislature's restriction on the privilege of an individual to possess a license to operate a motor vehicle once he has been sentenced for DUI.

9. Based upon the foregoing analysis and disposition, we find it unnecessary to address Petitioner's remaining two claims that: An order specifically staying the license suspension is not necessary because such a stay is automatic upon filing of the appeal; and that if such a stay is not automatic, Petitioner is nevertheless entitled to a stay in this instance pursuant to Pa.R.A.P. 1701 and 1732, because he possesses a likelihood of success on the merits, and there is no irreparable injury, no substantial harm to others and no adverse effect on the public interest if the stay is granted. *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983). Aside from the fact that the Legislature has clearly not provided Petitioner with a right to an automatic supersedeas at this stage, and the fact that Petitioner's argument would not warrant a supersedeas under the principles of *Process Gas*, our holding that the trial court possesses no authority to grant such relief eliminates the need for further consideration of these two questions.

10. The Prothonotary of the Supreme Court is directed to transmit the complete record of the case· *sub judice* to the Superior Court for disposition of Petitioner's appeal from his underlying conviction at Docket No. 01215PGH92.