James A. HUNSICKER,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 17, 1995.

Decided March 29, 1995.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

No appearance for appellee.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Montgomery County (common pleas court), which granted licensee James A. Hunsicker's (Hunsicker) application for an award of counsel fees and costs and directed the Department to pay Hunsicker $450.00 in counsel fees and to reimburse him $135.00 in costs, in connection with a statutory appeal Hunsicker filed relating to a one-year suspension of his driver's license. For the reasons set forth herein, we reverse.

The facts of this case are summarized as follows. Hunsicker was arrested on October 29, 1992, and charged with driving under the influence of alcohol and careless driving. Hunsicker pled guilty to the charge of driving under the influence of alcohol on July 14, 1993 pursuant to a plea agreement negotiated with the Montgomery County District Attorney's Office. In exchange for the guilty plea, Hunsicker was sentenced to not less than 48 hours and not more than twelve months in the Montgomery County Correctional Facility beginning October 29, 1993, and was ordered to surrender his driver's license to prison authorities at that time.

On August 10, 1993, the Department notified Hunsicker that he must surrender his driver's license by September 13, 1993. Hunsicker's attorney made several fruitless attempts to contact the Department in order to delay the date of Hunsicker's driver's license suspension. Hunsicker filed his statutory appeal of the Department's suspension of his driver's license on September 8, 1993, arguing that the suspension imposed by the Department was violative of the plea agreement.

The Department refused to withdraw the suspension. In response, Hunsicker requested to withdraw his guilty plea in the criminal

matter. On October 15, 1993, the trial judge in the criminal matter approved Hunsicker's withdrawal of the guilty plea and refunded the filing fee for the license suspension appeal.

On October 25, 1993, a hearing was held before the common pleas court on the license suspension appeal and to determine if Hunsicker was entitled to counsel fees and court costs. The common pleas court ordered that the suspension be rescinded and the appeal dismissed as moot and took the issue of whether counsel fees and court costs should be awarded under advisement. On April 6, 1994, the common pleas court ordered that the Department pay Hunsicker's counsel fees and court costs.

In its statement of matters complained of on appeal, the Department raised six issues: (1) costs cannot be imposed against the Department in a statutory appeal; (2) the common pleas court abused its discretion by allowing Hunsicker to withdraw his guilty plea to an underlying drunken driving charge at a civil hearing; (3) Hunsicker did not meet his burden in establishing a right to attorney's fees; (4) the common pleas court abused its discretion by delaying Hunsicker's suspension; (5) filing fees were erroneously awarded; and (6) the Department should be awarded counsel fees because its actions were within the letter of the law. Subsequently, the common pleas court affirmed its April 6, 1994 order. This appeal followed.

The Department raises three issues for this Court's consideration: (1) whether the common pleas court erred by imposing sanctions upon the Department more than five months after disposing of the underlying statutory appeal; (2) whether the common pleas court erred as a matter of law when it held that the Department was bound by the terms of a criminal plea bargain that purported to delay the effective date of a drunk driving operating privilege suspension beyond the date of sentencing; and (3) whether the common pleas court erred as a matter of law when it found that the Department's

conduct was obdurate and vexatious. Hunsicker has been precluded from filing a brief.

"The burden of proving entitlement to counsel fees is on the party claiming such entitlement. A trial court's determination regarding the award of counsel fees will not be reversed on appeal if the findings are supported on the record, in the absence of an abuse of discretion." *Department of Transportation, Bureau of Driver Licensing v. Smith*, 145 Pa.Commonwealth Ct. 164, 168, 602 A.2d 499, 501, *petition for allowance of appeal denied*, 531 Pa. 657, 613 A.2d 561 (1992) (citations omitted).

In imposing sanctions against the Department, the common pleas court relied on Section 2503(9) of the Judicial Code (Code) [1] and the Costs Act (Act).[2] Section 2503(9) of the Code provides that a participant shall be entitled to reasonable counsel fees when "the conduct of another party *in commencing a matter or otherwise* was arbitrary, vexatious or in bad faith." 42 Pa.C.S. 2503(9) (emphasis added). In order for this section of the Code to apply, the matter referred to must be before a court of the Commonwealth's Unified Judicial System. *Smith.*

The Act allows for an award of counsel fees and other expenses by a Commonwealth agency where the agency initiates adversary proceedings and the prevailing, non-Commonwealth party incurs fees and other expenses in connection with that proceeding, unless the adjudicative officer finds "that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust." 71 P.S. § 2033(a). In this case, however, the initial action of the Department in suspending Hunsicker's driver's license is specifically *excluded* as an adversary adjudication under the Act. *Smith;* 71 P.S. § 2032(2).

Therefore, since the Department's initial action of suspending Hunsicker's driver's license was before an agency, and not before a court of this Commonwealth, and is specifically excluded under the Act, no finding of arbitrary or vexatious conduct or bad faith

1. 42 Pa.C.S. § 2503(9).

2. Act of December 13, 1982, P.L. 1127, No. 257, *as amended*, 71 P.S. §§ 2031–2035.

on the part of the Department in the actual suspension of Hunsicker's driver's license can result in an award of counsel fees or costs.

Both the Code and the Act have been interpreted by this Court to allow for a court-ordered assessment of counsel fees and costs against the Department in statutory license suspension appeals. *Smith.* In the case *sub judice*, the trial judge found the conduct of the Department to be arbitrary, vexatious and in bad faith because after Hunsicker filed his statutory appeal, the Department refused to recognize the plea agreement negotiated in the criminal matter between the Montgomery County District Attorney and Hunsicker. (Trial court opinion at 5.) The judge below also found that because of the Department's actions, the plea agreement was withdrawn and "two more cases were created to clog the docket system . . . ." (Trial court opinion at 5.)

The Department's brief correctly points out the dispositive issue in this case: whether the common pleas court was able to plea bargain the commencement of Hunsicker's driver's license suspension to a date sometime after the date of sentencing.

This Court has addressed the issue of plea bargains and their effect on the Department's statutory duty to suspend a driver's license upon notification of a refusal to submit to chemical testing pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. *See Crawford v. Commonwealth,* 135 Pa.Commonwealth Ct. 657, 582 A.2d 95 (1990); *Department of Transportation, Bureau of Traffic of Safety v. Lefever,* 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987). In both cases, the Court stated clearly that "neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter has jurisdiction to bind [the Department] to withdraw a civil license suspension." *Crawford,* 135 Pa.Commonwealth Ct. at 661, 582 A.2d at 97; *Lefever,* 111 Pa.Commonwealth Ct. at 110, 533 A.2d at 503. As then Judge Craig of this Court wrote in *Lefever:*

> The statutory suspensions following a refusal to submit to a blood alcohol test or *a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions;* rather, they are mandatory civil penalties, imposed not for penal purposes, but 'to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads.'

*Lefever,* 111 Pa.Commonwealth Ct. at 110–111, 533 A.2d at 503 (emphasis added).

Most importantly, the issue of both a trial court's and a district attorney's power to extend the effective date of a license suspension beyond the date of conviction was directly addressed by the Supreme Court of Pennsylvania in *Commonwealth v. Wolf,* 534 Pa. 283, 632 A.2d 864 (1993). The Supreme Court in *Wolf* held that while Section 1540 of the Vehicle Code, 75 Pa.C.S. § 1540,[3] does grant a measure of discretion to the trial court and the district attorney in delaying imposition of the driver's license suspension, such discretion "is limited to the period of time *prior* to the date of sentencing by the trial court." *Id.* at 288, 632 A.2d at 866.

In this case, Hunsicker, upon entering his plea of guilty to the charge of driving under the influence of alcohol, was sentenced on July 14, 1993. Under the Vehicle Code, a plea of guilty is a conviction. 75 Pa.C.S. § 6501. According to Section 1540 of the Vehicle Code as interpreted by the Supreme Court in *Wolf,* Hunsicker was required to surrender his license at that time. Furthermore, since the Supreme Court decided *Wolf* prior to the common pleas court's opinion in

**3.** Section 1540 of the Vehicle Code addresses when a licensee must surrender his/her driver's license. Section 1540 states, in pertinent part:

(a) **Conviction of offense.**—Upon a conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 (relating to revocation or suspension of operating privilege), the court or the district attorney *shall* require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. The suspension or revocation *shall* be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, *whichever shall first occur.*

75 Pa.C.S. § 1540(a) (emphasis added).

this case, and the *Wolf* case was specifically brought to the common pleas court's attention, we are at a loss to understand the trial judge's disregard of this Supreme Court precedent, which is binding upon all courts in the Commonwealth's Unified Judicial System.

Therefore, we conclude that the common pleas court committed an abuse of discretion in assessing counsel fees and costs against the Department in this matter, as the Department's actions in refusing to acknowledge Hunsicker's guilty plea were not arbitrary, vexatious, or in bad faith.

Accordingly, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter assessing counsel fees and costs against the Department of Transportation is reversed.

### ORDER

AND NOW, this 29th day of March, 1995, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter assessing counsel fees and costs against the Department of Transportation is reversed.