Baez v. Dept. of Transportation

C.P. of Monroe County, no. 7076 CIVIL 2010.

*Robert A. Saurman,* for petitioner.
*Robert J. Kopacz,* for respondent.

WORTHINGTON, *J.,* February 3, 2011—

## OPINION IN SUPPORT OF AN ORDER PURSUANT TO Pa.R.A.P. 1925(a)

The matter before this court is the Department of Transportation's (hereinafter "department") appeal pursuant to Pa.R.A.P. 1925(b).

The procedural history and facts of this case are summarized as follows: On February 22, 1995, Charles Baez (hereinafter "petitioner") was convicted of violating the Controlled Substance, Drug, Device and Cosmetic Act.[1] On March 8, 1995, the Monroe County Clerk of courts notified the department of petitioner's conviction via a form entitled "report of the clerk of courts showing the conviction of certain violations of the controlled substance, drug, device, and cosmetic act." (Department's Ex. 1)

As a result of this conviction, on March 22, 1995, the

---

1. Petitioner's specific conviction was pursuant to 35 P.S. § 780-113(a)(30).

department sent an official notice to petitioner's address of record,[2] informing him that his driving privilege would be suspended for six months, effective May 5, 1995, pursuant to Section 1532(c) of the vehicle code.[3] (Department's Ex. 1) The department also notified petitioner that credit would not begin towards his suspension until the department received a completed DL-16LC form or a letter wherein petitioner acknowledged his suspension. See 75 Pa.C.S. § 1541. Additionally, the department informed petitioner that he had a right to appeal this suspension within 30 days of the mail date of the notice. (Department's Ex. 1) Petitioner neither submitted the necessary acknowledgement form nor appealed his suspension.

Meanwhile, petitioner appealed his underlying criminal conviction to the Superior Court. The Superior Court ultimately reversed and remanded the case; and thereafter, a petition for allowance of appeal was denied by our

---

2. This address was 2327 Walton Avenue, Bronx, New York 10468 (Department's Ex. 1); see also 75 Pa.C.S. § 1540(b).

3. At the time of petitioner's alleged offense, Section 1532(c) of the Vehicle Code provided:

(c) Suspension. -- The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state.

(1) The period of suspension shall be as follows: (i) For a first offense, a period of six months from the date of the suspension.

(ii) For a second offense, a period of one year from the date of the suspension.

(iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension.

(2) For the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delinquency for any of the offenses listed in paragraph (1), whether in this Commonwealth or any other Federal or state court.

Act 58 of 1993, Pub. L. No. 408, § 4 (emphasis added) (current version at 75 Pa.C.S. §1532(c)).

Supreme Court. *Commonwealth v. Baez*, 671 A.2d 765 (Pa. Super. 1995) (Table Decision), appeal denied, 674 A.2d 1065 (Pa. 1996). Upon remand, the Commonwealth nolle prossed the criminal charges against petitioner. Thus, at that time, petitioner no longer had an underlying conviction or any pending charges stemming from his alleged violation of the Controlled Substance, Drug, Device and Cosmetic Act.[4]

Approximately 15 years later, the New York Department of Transportation notified petitioner that it was going to suspend petitioner's New York driver's license after discovering that petitioner had an outstanding license suspension in Pennsylvania. In an attempt to resolve this matter, petitioner contacted the department and was given a restoration requirements letter, dated July 1, 2010. This letter informed petitioner that, before his license could be restored, petitioner needed credit for his original six-month suspension. (Department's Ex. 1) In order to start receiving credit towards the suspension, the department informed him that he needed to complete the DL-16LC Acknowledgement Form, which he never submitted when he was originally suspended.[5]

On July 28, 2010, petitioner filed a notice of appeal of

---

4. We note also that petitioner represented to this court that, on December 15, 2008, petitioner's record regarding this incident was expunged.

5. Although not relevant to this appeal, we note that the department did afford petitioner an accommodation by temporarily restoring his Pennsylvania operating privileges so that petitioner's New York operating privileges could be renewed. Once renewed, petitioner's suspension was placed back on his Pennsylvania Driving History. (Notes of Testimony: License Suspension Appeal hearing before Judge Worthington, dated 10/21/2010, (hereinafter "N.T.") at 7-8)

the department's restoration requirements letter wherein petitioner asserts that the letter "suspend[ed] his driver's license for a period of six (6) months, effective May 3, 1995." Petitioner's notice of appeal, at 1. On October 21, 2010, a hearing was held on this matter in which we sustained petitioner's appeal.

On November 22, 2010, the department filed a notice of appeal to the Commonwealth Court. On December 1, 2010, we entered an order directing the department to file and serve its concise statement of matters complained of on appeal (hereinafter "concise statement"), which it filed on December 20, 2010. In its concise statement, the department argues that petitioner's appeal was untimely and petitioner failed to meet its burden for nunc pro tunc appeal, the court erred in sustaining petitioner's appeal upon the statements of petitioner's counsel made at the license suspension appeal hearing, and petitioner's only recourse at this time is to request a review of his record pursuant to 75 Pa.C.S. § 1516(d) and to file an administrative appeal. Department's concise statement, at ¶¶ 1-3.

Before addressing the department's arguments we note that, after hearing petitioner's license suspension appeal, we recognized that the facts of this case are extraordinary and unfortunate. It appears that petitioner essentially faces a license suspension due to an underlying conviction that no longer exists, approximately 15 years after he believed the entire ordeal was resolved. As an equitable matter, we sustained his appeal. Upon review of the transcript and relevant statutes and case law, however, we acknowledge for the reasons below that the department's argument regarding our jurisdiction to hear petitioner's

536

appeal has merit.

First, petitioner's license suspension was mandatory upon his drug conviction. See 75 Pa.C.S. § 1532(c) (quoted above); *Commonwealth v. Wolf,* 534 Pa. 283, 289, 632 A.2d 864, 866-67(Pa. 1993). In *Wolf,* our Supreme Court held that a trial court does not "possess the authority to extend the effective date of [a license] suspension beyond the date of conviction, i.e., the date sentence is imposed."[6] *Wolf* at 289, 632 A.2d at 866-67. Specifically, the petitioner in *Wolf* sought a supersedeas of his license suspension for the duration of his appeal of his underlying DUI conviction through the appellate courts. *Id.* at 865. In upholding the denial of his request, the court:

> recognize[d] that a conviction, while generally finalized through imposition of a judgment of sentence, is also, as a practical matter, not final until appeals have been exhausted or the time for appeal has expired. However, given the procedural framework established by the Legislature, which requires the trial court and/ or District Attorney to compel surrender of the driver's license, we conclude that the Legislature envisioned that the imposition of sentence constitutes a conviction for purposes of the mandatory suspension. *Id.* at 288 n.4.

In other words, the court concluded that the imposition of sentence constitutes the procedural event which triggers a license suspension, allowing the department to take

---

6. *Wolf* concerned a mandatory suspension pursuant to a driving under the influence (DUI) conviction pursuant to 75 Pa.C.S. 1532(b)(3) (since amended). *Wolf* at 288, 632 A.2d at 866. In this case, petitioner's suspension was also mandatory, pursuant to 75 Pa.C.S. § 1532(c).

action upon receiving a certified record of the driver's conviction. See *Id.* at 288 n.3. The trial court, itself, has no authority to extend the date of this triggering event.

The Supreme Court also addressed, in dicta, the basic situation which occurred in this case, i.e. when a defendant serves the mandatory suspension upon conviction and then has that conviction reversed on appeal. The court stated:

> Moreover, it is obvious that the Legislature was aware of the frustration in the situation where a defendant serves the mandatory suspension upon conviction and then has that conviction reversed on appeal, since it expressly provided for a limited delay of the commencement of suspension for up to six months upon a showing of hardship. 75 Pa.C.S. § 1541(a).[7] The six-month delay available in cases of hardship, sufficiently exhibits to us that the Legislature was aware of the inconvenience or frustration associated with the loss of driving privileges and expressly ameliorated it to the extent it deemed to be appropriate. *Id.* at 289.

The court expressed that, by providing the department with the authority to delay the effective date of the suspension, the Legislature recognized the similar concern petitioner has in this case and subsequently provided him an opportunity to minimize the impact of his suspension upon his conviction at the trial court level. See *Id.*

---

7. Section 1541 of the Vehicle Code, in relevant part, provides: "The department may, upon request of the person whose license is suspended..., delay the commencement of the period of suspension...for a period not exceeding six months whenever the department determines that failure to grant the extension will result in hardship to the person whose license has been suspended...." 75 Pa.C.S. § 1541.

In this case, upon receiving the certified record from the Monroe County Clerk of Courts, the department notified petitioner that his operating privileges were going to be suspended, effective March 3, 1995, and that he had 30 days to appeal his license suspension.[8] (Department's

8. Petitioner argues that he did not have notice of his suspension and thus did not take appropriate action at that time. However, under the limited facts before us, we find that the department met its obligations to notify petitioner. Section 1540(b) of the Vehicle Code, at the time of defendant's conviction, provided in relevant part that:

Upon the suspension...of the operating privilege...of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension.... The suspension...shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first. Act 42 of 1990, Pub. L. No. 173, § 4 (current version at 75 Pa.C.S. §1540(b)).

As such, the department's only obligation was to notify petitioner in writing at his address of record, which the department did approximately one month after his conviction. Petitioner, however, contends (1) he had no obligation to notify the department of his current address because he moved to New York, even though he was still licensed in Pennsylvania, and (2) the actual notice requirements set forth by *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (Pa. 1975), should apply. As to his first argument, petitioner offered no sworn testimony that the department sent the notice to an incorrect address. Petitioner's counsel stated that: "a letter was sent to an address in New York notifying [petitioner] of the suspension in 1995. At that time[,petitioner] had a license in Pennsylvania then he went to New York." (N.T. at 4) Petitioner's counsel also suggested that "the notice that was sent to [petitioner's] address in New York, unlike someone in Pennsylvania who has the obligation to maintain an ongoing communication with [the department] about their address, someone who has relocated to another state has no such obligation." (N.T. at 4-5) Petitioner's counsel later stated: "it's different to say that I have an ongoing license in Pennsylvania and therefore, mail it to my last address that was given to [the department] which is valid because we have an ongoing relationship. But once I move to another state I am no longer primarily a licensed driver in Pennsylvania. I don't have an obligation to notify Pennsylvania in case there's a suspension I don't know about until later." (N.T. at 9) While we agree that a non-Pennsylvania resident need not notify the department of every address change, see *McCrea v. Department of Transportation,* 783 A.2d 380, 383-84 (Pa. Cmwlth. 2001), the department in this case sent the notice to petitioner's last address of record, his address in New York. Petitioner's counsel never claimed this

Ex. 1) At that time, despite appealing his underlying drug conviction, petitioner took no action in regard to his corresponding license suspension. Although his conviction was ultimately reversed on appeal, petitioner's license suspension remained uncontested, and thus remained in effect and not credited, up to the present day. See *Wolf* at 289, 632 A.2d at 867 ("[T]he mandatory suspension is a not a direct criminal penalty, but rather, is a civil sanction wholly unrelated to petitioner's appeal of the criminal conviction to the Superior Court.").

This leads us to the department's argument that petitioner's appeal of his 1995 license suspension is untimely. We note that our research failed to reveal a case directly on point with the extraordinary facts of this case. Nevertheless, in order to timely appeal petitioner's suspension of his operating privileges, he was required to file an appeal within 30 days of the mailing of the department's notice of suspension. See 42 Pa.C.S. § 5571(b); *Schofield v. Department of Transportation*, 828 A.2d 510, 511 (Pa. Cmwlth. 2003). Being approximately 15 years later, there is no question that petitioner's appeal

address was incorrect at that time, and petitioner never took the stand to testify to that fact. As such, we find the department met its notice obligations. As to petitioner's second argument, his reliance on *Kane* is misplaced. Our Supreme Court in *Kane* held that, for the purposes of proving one drove while his operating privileges were suspended, evidence showing that notice of a license suspension was mailed to a criminal defendant, by itself, was insufficient to establish beyond a reasonable doubt that the defendant had actual notice of his suspension. *Kane*, 333 A.2d at 926-27. *Kane* does not apply in this context because *Kane* was a criminal case in which actual notice was an element of the offense, which the Commonwealth had to prove beyond a reasonable doubt. Petitioner's appeal, however, is a civil matter involving a different standard of proof, and pursuant to 75 Pa.C.S. §1540, the department does not have to prove the same notice which the offense in *Kane* required.

is untimely.

In this regard, our appellate courts have stated:

> [A]ppeal periods are jurisdictional and may not be extended as a matter of grace or mere indulgence; otherwise there would be no finality to judicial action. Statutory appeal periods evidence a legislative determination that the finality of court adjudications must be promoted by limiting the time within which they can be questioned on appeal. Where jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

> Under extraordinary circumstances, however, a court may extend the appeal period by granting equitable relief in the form of a nunc pro tunc or "now for then" appeal. Traditionally, extensions of time for filing an appeal were limited to matters involving fraud or a breakdown in the court's operations. In *Bass v. Commonwealth* 485 Pa. 256, 401 A.2d 1133 (1979), our Supreme Court expanded the limited exceptions permitting this relief where non-negligent circumstances relating to either the appellant or the appellant's counsel caused the briefly untimely appeal. *City of Philadelphia v. Tirrill*, 906 A.2d 663,665-66 (Pa. Cmwlth. 2006) (internal citations and quotations omitted).

For instance, in *Department of Transportation v. Kruc,*

an appeal nunc pro tunc was denied when the petitioner filed an appeal 74 days after the department mailed her notice of suspension; in support of her right to have an appeal, petitioner asserted that she never saw the notice until the 30-day requirement had already expired. *Kruc*, 557 A.2d 443, 445 (Pa. Cmwlth. 1989). In *Department of Transportation v. Gelormino*, an appeal nunc pro tunc was denied when the petitioner filed an appeal approximately three and half months after the Department mailed her notice of suspension; in support of her right to have an appeal, petitioner asserted that (1) the receipt of the notice was delayed because she changed addresses, (2) her counsel was involved in two unrelated trials during that period, and (3) her counsel left the notice with office personnel to file an appeal but the appeal was not filed "due to the sudden departure of one secretary and an additional secretary recuperating from pregnancy complications." *Gelormino*, 636 A.2d 224, 226-27 (Pa. Cmwlth 1993). In both *Kruc* and *Gelormino*, the court summarily rejected the petitioner's arguments and held they were not entitled to appeal nunc pro tunc.

Applying these principles to the facts of this case, we are constrained to conclude that we do lack jurisdiction to hear petitioner's appeal. We believe petitioner's situation is extraordinary, and we empathize with his predicament. Unfortunately, he is facing a license suspension as a result of his 1995 drug conviction, which has since been reversed, nolle prossed, and expunged. See *Commonwealth v. Baez*, 671 A.2d 765 (Pa. Super. 1995) (Table Decision), appeal denied 674 A.2d 1065 (Pa. 1996). In other words, the

conviction is no longer valid, and the conviction was the only reason the department initially became involved. Thus, petitioner now faces a collateral civil penalty for an underlying offense that no longer legally exists.

Nevertheless, our Supreme Court in *Wolf* clarified that imposition of sentence constitutes the procedural event which triggers a license suspension, allowing the department to take action upon receiving a certified record of the driver's conviction, even if upon appeal a criminal defendant's conviction is ultimately reversed. *Wolf,* 632 A.2d at 866-67. The department notified petitioner of his license suspension and his right to appeal within 30 days of that notice, however, petitioner never appealed his license suspension or requested the department to delay the commencement of his suspension due to a particular hardship. Thus, his appeal is approximately 15 years late.

Furthermore, at the license suspension appeal hearing, petitioner's counsel offered no evidence of fraud, a breakdown in the court's operations, or non-negligent circumstances relating to either the petitioner or his counsel that caused a brief untimely appeal. See *Tirrill,* 906 A.2d at 665-66. Therefore, we are constrained to acknowledge that petitioner has failed to meet his burden, which prevented us from having the authority to grant equitable relief in the form of a nunc pro tunc appeal.